BARRETT, J.
—The complaint alleges that on or about December 31, 1892, plaintiff became the owner and holder, before maturity and -for value, of a note made by the F. J. Kaldenberg Company, a domestic corporation, other than a moneyed or railroad corporation; that at no time during the year 1892, or prior to-the acquisition of said note by the plaintiff, did said company tile an annual report as required bylaw; and that during the whole of said period the defendant was a director of said company. It is demurred to, upon the ground that it does not state facts sufficient to constitute a cause of action. The reason assigned in support of the demurrer is that, despite the numerous acts making directors liable for debts of the corporation in default of the filing of an annual report, under none of them can the defendant be called to account in this case. A number of the statutes must be considered.
Chapter 564 of the Laws of 1890, the original stock corporation law, took effect May 1, 1891. It provided in section 30 for the -filing of an annual report and the liability of directors in default thereof, and superseded all requirements on this head in prior acts. Chapter 2 of the Laws of 1892, which took effect January 20, 1892, amended section 30 of this act so as to read as therein prescribed. .The general 'corporation law of 1892 (chapter 687) repealed chapter 2, and in its saving clause preserved only such rights and liabilities as had accrued prior to May 1, 1891. The stock corporation law of the same year (chapter 688) then proceeded to amend the act of 1890, and, among other sections, section 30, so as to read as therein prescribed. Upon this state of facts, the” appellant claims that chapter 2 of the laws of 1892, in effect, repealed section 30 of the act of 1890; that the repeal of 2 did not revive this section 30; and that the stock corporation law (chapter 688) only amended so much of the act of 1890 as was in existence. He argues that as section 30 of the act of 1890 was, in his view, nonexistent, there was nothing there to amend. *675 From all this he deduces the conclusion that chapter 688 of the Laws of 1892, must, with regard to section 30, be deemed a new enactment, and thus that between the 1st day of May, 1891, when the act of 1890 went into effect, and the 18th day of May,-1892, when this chapter 688 became a law, there is a hiatus, through which his client escapes.
The rule is undoubtedly well settled that, where one act amends another so as to read as prescribed in the former, the repeal of the amendatory act does not revive the original law. People v. Supevisors of Montgomery Co., 67 N. Y. 109 ; People v. Wilmerding, 136 N. Y. 363: 49 St. Rep. 651. But this canon of construction is not absolute. It is subject to the other rule that the intent of the legislature must govern when that intent is not the subject of mere conjecture, but is apparent from the language employed, and from statutes in pari materia,—all read in the light of the purpose sought to be attained. Smith v. People, 47 N. Y. 330; People v. Clute, 50 N. Y. 451; In re Rochester Water Com’rs, 66 N. Y. 413. Smith v. People is an extreme illustration of the modification of the general rule. It was then held that section 120 of chapter 137 of the Laws of 1870, which expressly repealed three prior acts, nevertheléss did not abrogate provisions included in these three acts permitting the court of oyer and terminer to be held by a single justice of the supreme, court. This case was followed In re Rochester Water Com’rs, supra, where the rule that effect should be given to the intent rather than to the literal terms of an act thus emphasized. This modification of the general rule is of itself subject to the further doctrine that a legislative intent to revive a law which has by legislative action been wholly annihilated is not alone sufficient to accomplish such revival, but that there must be some legislative expression using language equivalent to a re-enactment. The question here, therefore, is whether the legislative intent to retain and continue section 30 of the act of 1890 has been adequately expressed ; or, to speak more accurately, whether the language employed is equivalent to a re-enactment. We think it is.
The appellant’s reasoning depends wholly upon his application of strict rules of construction to what he claims to be a series of isolated and independent laws. Therein lies its fallacy. The laws in question are not independent enactments. They are, it is true, separately numbered, and they have various titles.' But they are grouped together in close connection, and are part and parcel of the scheme of revision and consolidation prepared by the commissioners of statutory revision, and reported to the legislature at this very session of 1892. We find that this legislature authorized the secretary of state- to include the chapters of this revision in a separate volume (chapter 623). Indeed, this volume is wholly given up to the work of the commission. Thus, we have chapters 677 to 691, inclusive, all passed at the same session of- the legislature, all approved by the governor on the same day, and all part of the system of statutory revision and consolidation. It is impossible, therefore, to treat these chapters as independent" enactments, having no special relation to each other or to the gen *676 eral scheme of revision. They should, on the contrary, for the purpose of ascertaining the legislative intent, with regard to such a question as the present, be treated as one singe act. The chapters are separately numbered, and there was a systematic arrangement of subjects. This was convenient and orderly. But the totality constituted the report and the system. Bach act should consequently be read and construed as a part of the unit. When, therefore, the legislature repealed chapter 2 of its own laws, and at the same time, and, so to spealc, in the same breath, amended section 30 of the act of 1890, it, in effect, said that the ordinary canon of construction should not apply; that section 30 was in existence; and that it should be, and was, revived, and continued as amended by chapter 688. There was here but one definite purpose and one distinct act. Chapter 2 of the Laws of 1892 amended but a single section o£ the act of 1890. The commissioners amended and revised the entire act. To accomplish this clearly and conveniently, it was essential that all special amendments should be brushed aside, and that the original law should be directly examined and dealt with, first by the commissioners, and then by. the legislature. For this purpose,' and for this purpose only, the special amendment made by chapter 2 of the Laws of 1892 was repealed. It was treated for the purpose of the revision as though it had never been passed.
This would be the true construction of the acts in question even if the 'statutory construction law were not a part of the revision. We think, however, that the statutory construction law especially enacts the same rule. It is there provided (chapter 677, § 31) as follows:
“ The repeal hereafter or by this chapter of any provisions of a statute which amends a provision of a prior statute, leaves such prior provision in force, unless the amendatory statute be a substantial re-enactment of the statute amended.”
It is entirely clear that the amendatory act (chapter 2 of the Laws of 1892) is not a substantial re-enactment of section 30 of the act of 1890. The variations are numerous and material. What, then, is the language quoted but a legislative enactment that the repeal of the amendatory act (by chapter 687) leaves the prior provision (section 30 of the act of 1890) in force? It is contended that section 33 of the statutory construction law indi-, cates that this section 31 was not intended to apply to statutes passed at the same session of the legislature. This contention confuses repeal with construction. What section 33 provides is that nothing in the revision shall supersede or repeal by implication any law passed at the same session. But what of that? That simply retains the repeal. Section 31 provides for the construction to be given to the repeal. What was meant by section 33 was that, in accepting and enacting in bulk the general body of the revision, the legislature desired to make sure of the retention of all the special laws on cognate subjects which had been passed before the revision went into effect, and which had not been expressly repealed. It had no reference to the general laws embodied in the revision itself. We'have examined Ottman & *677 Co. v. Hoffman, 7 Misc. Rep. 714; 58 St. Rep. 320, but we find nothing in that case which affects the conclusion at which we have arrived.
Our conclusion is that, contemporaneously with the repeal of chapter 2 of the Laws of 1892, the legislature substantially re-enacted section 30 of chapter 564 of the Laws of 1890, and continued it as amended by chapter 688 of the Laws of 1892. Our further conclusion is that, when the legislature repealed chapter 2 of the Laws of 1892, the prior provision of section 30 of the act of 4890 was, by the operation of section 31 of the statutory construction act, expressly left in force; and it was at substantially the same moment amended by chapter 688, and, as thus amended, continued.
It would not aid the appellant to contend that, even if the original section 30 were held to be revived by the repeal of the amendatory act, this would not make him liable, since it was the amendatory, and not the amended, act which imposed the liability upon him. We have discovered the legislative intent, namely, that the whole of chapter 564 of the Laws of 1890 and chapter 688 of the laws of 1892 should take the same course and have the same effect as though chapter 2 of the Laws of 1892 had never existed; and the amendment of the original stock law by the revising law retained all liabilities which had accrued under any law since the passage of the former. In re Prime, 136 N. Y. 347; 49 St. Rep. 658. This being the intent, it matters not under which law the defendant became liable. He would have been liable under the original law if the amendment - had not been passed, and all liabilities incurred under the amendment which would have been incurred if it had not been passed were retained when it was repealed. "We may add that the liability imposed by the revised law (chapter 688) is almost precisely the same as that which was imposed by the repealed law. The defendant is therefore held to no other or greater" responsibility than that which rested upon him throughout.
Liability such as is sued on here has already been enforced in a number of cases. Providence Steam and Gas Pipe Co. v. Connell, 86 Hun, 319 ; 67 St. Rep. 196 ; Novelty Manufacturing Co. v. Connell, 88 Hun, 254 ; 68 St. Rep. 697. The conclusion at which we have arrived makes it unnecessary to decide whether it would have been proper to follow these cases on the principle of stare decisis, in view of.the fact that the point here raised was not considered in them.
The judgment overruling the demurrer should be affirmed, with costs, with leave to the defendant to answer within twenty days from the entry of judgment upon payment of costs of the appeal and costs of the court below.
All concur.