THE BANK OF THE METROPOLIS, Respondent, *v.* EBERHARD FABER, Appellant.

1. STATUTORY CONSTRUCTION — REPEAL BY IMPLICATION, BY AMENDMENT — RULE CONTROLLED BY LEGISLATIVE INTENT. The rule as to the effect of a statute amending a former statute "so as to read as follows," in operating the repeal or merger of the former law, is not so absolute and unqualified as not to be made to yield to a contrary intention when it is found in the nature of the case, in the language employed, and in the course of contemporaneous legislation on the same subject.

2. THE STOCK CORPORATION LAW — LIABILITY OF DIRECTORS ON FAILURE TO FILE ANNUAL REPORT — § 30, CHAP. 564, LAWS OF 1890, NEVER REPEALED. Section 30 of chapter 564, Laws of 1890 (the Stock Corporation Law), which went into effect May 1, 1891, requiring business corporations to file a report within twenty days from January first in each year, and, in case of failure, making the directors liable for all the debts of the corporation then existing, and for all contracted before filing the report, was not intended to be, and, therefore, was not, repealed by implication by, nor were its unchanged provisions merged in, chapter 2, Laws of 1892, which went into effect January 14, 1892, and which amended the former statute "so as to read as follows" in several material respects, including the giving of the whole month of January in which to file the report, and which amending statute was expressly repealed by section 34 of chapter 687, Laws of 1892, which went into effect May 18, 1892, on which same day chapter 688, Laws of 1892, also went into effect, by which the original section 30 of the act of 1890 was amended and enacted in its present form.

3. COMPLIANCE WITH § 30, CHAP. 564, LAWS OF 1890, REQUIRED IN JANUARY, 1892. Section 30 of chapter 564, Laws of 1890, not having

been repealed by, nor its unchanged provisions merged in, chapter 2, Laws of 1892, the duty to file the report under that section, and the liability of directors on failing to file it, were never suspended, but were continued, and business corporations were bound to file the required report during the month of January, 1892, before the fourteenth day of that month, under the original law, or, if not then filed, during the remainder of the month under the same law as amended; and, on failure so to do, the liability of the directors attached.

4. FAILURE TO FILE REPORT IN 1892 — ACTION TO ENFORCE DIRECTOR'S LIABILITY FOR DEBT OF CORPORATION. Since section 30 of chapter 564, Laws of 1890, has never been abrogated or suspended, although amended, an action lay in October, 1895, under the laws then in force, to hold a director of a business corporation personally liable for a debt of the corporation contracted in December, 1892, by reason of the failure of the directors of the corporation to make and file any report during the year 1892.

5. PRACTICE — APPEAL — QUESTION OF LAW CERTIFIED TO COURT OF APPEALS. An appeal from the interlocutory judgment or order which decided the question, while not reviewable of itself, is proper to enable the Court of Appeals to entertain a question of law certified to it by the Appellate Division of the Supreme Court for decision.

*Bank of Metropolis* v. *Faber*, 1 App. Div. 341, affirmed.

(Argued June 8, 1896; decided October 6, 1896.)

APPEAL from order of the Appellate Division of the Supreme Court in the first judicial department, entered February 14, 1896, and from an interlocutory judgment of the Supreme Court, entered February 17, 1896, which affirmed an interlocutory judgment of the Court of Common Pleas for the city and county of New York, in favor of plaintiff, overruling a demurrer to the complaint.

The case was brought up by a certificate from the Appellate Division, which certified the following question of law for decision : " Whether, under the laws of the state of New York, in force at the time of the commencement of this action, the defendant can or cannot be held personally liable for the debts of the F. J. Kaldenberg Company, set out and described in the complaint, by reason of the failure of the directors of said corporation to make and file a report during the year 1892."

The nature of the action (which was commenced October 2, 1895) and the facts, so far as material, are stated in the opinion.

26

*B. F. Tracy* for appellant.   The defendant cannot be held liable for a penalty arising under chapter 2 of the Laws of 1892, because that law was repealed by chapter 687 of the Laws of 1892, unless the repealing statute contained a sufficient saving clause. (*Nash* v. *White's Bank of B.*, 105 N. Y. 243 ; *V. W. P. & F. M. M. Co.* v. *Beecher*, 97 N. Y. 651 ; *Curtis* v. *Leavitt*, 15 N. Y. 9 ; *Sturgis* v. *Spofford*, 45 N. Y. 452 ; *People* v. *Wilmerding*, 136 N. Y. 363 ; *People ex rel.* v. *Bd. of Suprs.*, 67 N. Y. 109.)   The repeal of chapter 2 of the Laws of 1892 did not revive section 30 of chapter 564 of the Laws of 1890. (*People ex rel.* v. *Bd. of Suprs.*, 67 N. Y. 109 ; *People* v. *Wilmerding*, 136 N. Y. 363 ; *In re Prime*, 136 N. Y. 347 ; *In re R. W. Comrs.*, 66 N. Y. 413.)   The Statutory Construction Law did not change the rule of construction as laid down in the case of *People* v. *Wilmerding*. (Laws of 1892, chap. 677 ; *White* v. *Inebriates' Home*, 141 N. Y. 123.) Section 34 of chapter 687 of the Laws of 1892 in express terms provides that the repeal of a law by it repealed shall not revive a law repealed by such repealed law. (Laws of 1892, chap. 2 ; *V. W. P. & F. M. M. Co.* v. *Beecher*, 97 N. Y. 651 ; *Knox* v. *Baldwin*, 80 N. Y. 610 ; Laws of 1892, chap. 687, § 34.)   There is nothing contained in either chapter 687 or chapter 688 of the Laws of 1892 that can be construed as a re-enactment of section 30 of chapter 564 of the Laws of 1890. (*Board of Health* v. *Schnades*, 3 Daly, 282 ; *Ottman* v. *Hoffman*, 7 Misc. Rep. 714.)   If section 30 of chapter 564 of the Laws of 1890 became revived either by the repeal of chapter 2 of the Laws of 1892, or by words of re-enactment contained in chapter 687 or chapter 688 of the Laws of 1892, the revival could not take effect as of a date anterior to May 18, 1892. (*In re D. & H. C. Co.*, 129 N. Y. 105 ; *People* v. *O'Brien*, 111 N. Y. 60 ; *In re Van Kleeck*, 121 N. Y. 701.) There is no appropriate saving clause contained in chapter 687 under which the defendant can be held liable. (*Bruce* v. *Platt*, 80 N. Y. 381 ; *Wallace* v. *Walsh*, 125 N. Y. 26 ; *Whitaker* v. *Masterton*, 106 N. Y. 280.)   Nor does the saving clause contained in the Statutory Construction Law make

the defendant liable.   (*Ottman* v. *Hoffman*, 7 Misc. Rep. 714.)   Chapter 688 of the Laws of 1892 superseded and repealed whatever previous legislation there was then left in force which provided for the filing of annual reports by corporations.   (*V. W. P. & F. M. M. Co.* v. *Beecher*, 97 N. Y. 651; *Knox* v. *Baldwin*, 80 N. Y. 610.)   Chapter 688 of the Laws of 1892 did not retain the liabilities under the previous law of which it was an amendment.   (*V. W. P. & F. M. M. Co.* v. *Beecher*, 97 N. Y. 651; *Knox* v. *Baldwin*, 80 N. Y. 610.)   No liability can attach under chapter 688 of the Laws of 1892.   (*In re D. & H. Co.*, 129 N. Y. 112; *People* v. *O'Brien*, 111 N. Y. 60; *In re Van Kleeck*, 121 N. Y. 701.)   The rule of construction which governs actions of this nature, and statutes upon which they depend, is the strictest known to the law, and every implication and presumption favorable to the defendant will be indulged in by the court, and no implication or presumption favorable to the plaintiff will be allowed by the court. (*Bruce* v. *Platt*, 80 N. Y. 381; *Wallace* v. *Walsh*, 125 N. Y. 26; *Whitaker* v. *Masterton*, 106 N. Y. 280; *W. A. Co.* v. *Barlow*, 63 N. Y. 62; *Wiles* v. *Suydam*, 64 N. Y. 173; *Bonnell* v. *Griswold*, 80 N. Y. 128, 135; *Brackett* v. *Griswold*, 103 N. Y. 425; *McComb* v. *Belknap*, 30 Abb. [N. C.] 119.)

*D. M. Porter* for respondent.   The appeal from the order affirming the interlocutory judgment is erroneous and should be dismissed. (*F. Nat. Bank of C.* v. *Eaton*, 85 Hun, 106; *Lee* v. *Timken*, 81 Hun, 81; *McKeown* v. *Officer*, 127 N. Y. 687; *Denslow* v. *Bush*, 9 Misc. Rep. 337; *Nealon* v. *Frisbie*, 9 Misc. Rep. 660.)   The appeal from the interlocutory judgment should be dismissed with costs because no appeal can be taken from an interlocutory judgment, and none has been allowed from the whole interlocutory judgment. (Laws of 1895, chap. 946, § 190, subd. 2.)   Plaintiff can recover under section 30 of the Laws of 1890 as amended by the Laws of 1892. (*P. S. & G. P. Co.* v. *Connell*, 86 Hun, 319; *N. M. Co.* v. *Con-*

*nell*, 88 Hun, 254.) Inasmuch as the three laws of 1890 and 1892 required an annual report, the defendant should have filed a report, if it had been done after May 18, 1892, under chapter 688 of the Laws of 1892, pages 1824–1832. (*Chandler* v. *Hoag*, 2 Hun, 613; 63 N. Y. 624; *Boughton* v. *Otis*, 21 N. Y. 261; *Williams* v. *Bernheimer*, 5 Minn. 288; *Turner* v. *Saunders*, 5 Ill. 527; *In re Prime*, 136 N. Y. 347; *Ely* v. *Holton*, 15 N. Y. 595; *Mortimer* v. *Chambers*, 63 Hun, 335; *Close* v. *Potter*, 2 Misc. Rep. 1; *Moore* v. *Mausert*, 49 N. Y. 332; *People* v. *Wilmerding*, 136 N. Y. 363.)

O'BRIEN, J. This appeal presents the question as to the sufficiency of the complaint in an action against the trustee or director of a business corporation to hold him for the debt of the corporation, when there was neglect or omission to file the annual report of the condition of the corporation. There was a demurrer to the complaint, which has been overruled by the courts below, and the question of law has been certified to this court by the Appellate Division. In a broader sense the case involves the inquiry whether there was any law in force under which the defendant could be held liable for the debt of the corporation of which he was a trustee. The action is upon a note made by the corporation for $1,129.61, dated December 31, 1892, payable four months after date, which was discounted by the plaintiff. This debt, therefore, matured about May 1, 1893, and was not paid. During the year 1892 the defendant was one of the directors of the corporation, and it is conceded that it filed no report for that year. The learned counsel for the defendant admits, for the purposes of all the questions in this case, at least, that his client violated the law by neglecting to file the report or procure it to be filed in the month of January, 1892, but he contends that the law which was thus disregarded, and the only law in force at the time the duty should have been performed, was repealed before the debt was contracted, and hence his client cannot be held. If the premises upon which this argument has been constructed are correct the legal con-

clusion would necessarily follow. (*Nash* v. *White's Bank of Buffalo*, 105 N. Y. 243; *Victory Webb Printing, etc., Mfg. Co.* v. *Beecher*, 97 N. Y. 651.)

It is entirely clear that § 30 of ch. 564 of the Laws of 1890, which went into effect on May 1, 1891, required the corporation to file the report, and in case of failure, made the directors liable for all the debts of the corporation then existing, and for all contracted before filing the same. This statute was a part of the general revision of the statutes, known as the Stock Corporation Law, and was intended when passed to be a permanent provision of law on this subject. It cannot be denied that it imposed liability upon the defendant for the payment of the debt described in the complaint, unless the report was filed within twenty days from January 1, 1892, as it was not. So far the case is clear. But this statute was amended by ch. 2 of the Laws of 1892, which went into effect January 14, 1892, "so as to read as follows." The amendment then gives the whole month of January within which to file the report, changes the form of the report, and the officers by whom it could be verified, drops out words contained in the original law and adds or substitutes new ones.

This enabled the corporation to file the report on any day during the month of January, 1892, but it did not. This amendment was itself repealed in express terms by ch. 687, § 34, Laws of 1892, which went into effect May 18, 1892, and by ch. 688, § 30, Laws of 1892, which went into effect on the same day. The original § 30 of the Stock Corporation Law, providing for filing the report and for liability of directors in case of neglect, was amended and enacted in the form in which it now appears in the revision of the statutes.

From all this confused and complicated legislation the learned counsel for the defendant has constructed an able and ingenious argument, the whole point and purpose of which is to show that the original law was repealed by the amendment of January 14, 1892, and that in turn was expressly repealed by the act of May 18, 1892, and that repeal carried with it the original law, and thus that all laws which imposed a liability

or penalty upon the defendant for failure of the corporation of which he was a director to file a report in the month of January, 1892, were completely swept away before the debt in suit was created, and, of course, before the commencement of this action.

This argument has been answered in the very able opinion of the court below (1 App. Div. 341) and we might very well rest our decision of this appeal upon that opinion, but for some criticism upon it which appears in the brief of the learned counsel for the defendant in this court. The argument assumes as a fundamental postulate that section thirty of the Stock Corporation Law of 1890 was repealed by the amendment of January 14, 1892, and that from the passage of that amendment, the original law ceased to exist and was annihilated and annulled. These expressions are found in the opinion of the learned judge who wrote in the case of the *People* v. *Wilmerding* (136 N. Y. 363). The question there was whether a certain statute which all agreed had been repealed was revived by a repeal of the repealing act. (*White* v. *Inebriates' Home*, 141 N. Y. 127.) That case stood upon peculiar facts not present here and moreover recognized the authority of *In re Prime* (136 N. Y. 347) and *In re Rochester Water Commissioners* (66 N. Y. 415).

In the *Prime* case the law is thus stated : When a statute amends a former statute " so as to read as follows " it operates as a repeal by implication of inconsistent provisions in the former law and of provisions therein omitted in the latter. When the amendatory act re-enacts provisions of the former law either *ipsissimis verbis* or by the use of equivalent though different words, the law will be regarded as having been continuous, and the new enactment, as to such parts, will not operate as a repeal, so as to affect a duty accrued under a prior law, although, as to all new transactions, the later law will be referred to as the ground of the obligation. The effect upon a prior statute of a subsequent amendment " so as to read as follows " is not to be determined in all cases by any fixed and absolute rule, but frequently becomes a ques-

tion of legislative intent to be determined from the nature
and language of the amendment, from other acts passed at or
about the same time and from all the circumstances of the
case.    The duty of the courts is to give effect to the legisla-
tive intent rather than the literal terms of the act.    (*In re
Rochester Water Commissioners, supra; Smith* v. *People,*
47 N. Y. 330 ; *People ex rel. Furman* v. *Clute,* 50 N. Y. 451.)

The defendant's counsel argues that in the opinion below
the legislative intent, apparent at the passage of the repealing
and other acts which went into effect on May 18, 1892, is
made to govern another act passed on January 14 previously.
Acts passed at the same legislative session and by the same
body of legislators, on the same subject, should certainly be
considered when it becomes important to ascertain the inten-
tion of an amendment or an express repeal.

When the legislature of 1892 met, the Stock Corporation
Law, which was a careful revision of all previous laws on that
subject, made by a commission acting under the direction of
the legislature, had been in force but a few months when ch.
2 of the Laws of 1892 was passed, amending the general
law.    It is scarcely possible to conceive that the legislature
actually intended by the amendment to displace section thirty
of the original law from its place as part of the revised system
of statute law and to substitute the amendment in its place.
That conclusion must be reached, if at all, not from the cir-
cumstances or inherent probabilities of the case, but by the
application of some arbitrary rule as to the legal effect of
amendments in that form.    That rule is not so absolute and
unqualified as not to be made to yield to a contrary intention
when it is to be found in the nature of the case, in the lan-
guage employed and in the course of contemporaneous legisla-
tion on the same subject.    We conclude, therefore, that there
was no intention to repeal section thirty of the Stock Corpora-
tion Law or to merge its unchanged provisions in the amend-
ment of January 14, 1892, but that it was continued in the
sense that it was still capable of further amendment.    There
was no intention to absorb it in the amendment, but simply to

amend and change it in the particulars indicated.   This view
is reinforced by the circumstance that when, four months
afterward, the same legislature repealed the amendment it
amended the original law, thus recognizing its continued
existence, and at the same moment and in the same breath,
declared by section thirty-one (Ch. 677, Laws 1892) that the
repeal of any provision of a statute which amends a provision
of a prior statute, leaves such prior provision in force, unless
the amendatory statute be a substantial re-enactment of the
statute amended, which ch. 2 of the Laws of 1892 was not.
The duty to file the report under § 30 of the Stock Corpora-
tion Law of 1890, and the liability for failing to file it, were
never for a moment suspended by repeal or otherwise abro-
gated, but were continued through all the changes, and existed
when the default occurred.   The corporation, of which the
defendant was a director, was bound to file it during the month
of January, 1892, before the 14th day of that month, under
the original law, or if not then filed, during the remainder of
the month, under the same law as amended.   When the debt
described in the complaint was contracted, and when this
action was commenced, that law still existed, though in another
form, its identity and validity having been saved from destruc-
tion by the intention of the legislature, manifested through the
various acts referred to.

When the amendatory act (Ch. 2, Laws of 1892) was passed,
§ 72 of ch. 564, Laws of 1890, was in force, and that
declared the legislative policy in regard to the various laws
embraced in the revision which was called the Stock Corpora-
tion Law.   It provided that so far as its provisions were sub-
stantially the same as the laws existing before it took effect,
they should be construed as a continuation of such laws, modi-
fied or amended according to the language employed and not
as new enactments.   Therefore, section thirty of the act was
not itself to be regarded as a new enactment but a continuation
of prior laws.   It can, we think, be said with good reason, that
this general rule or policy expressed in the form of a statute,
followed the section through all subsequent amendments, con-

tinuing the law with its modifications as the old law and not as a new enactment, so that there was no period of time when it could be said that the old law had ceased to exist.

The learned counsel for the plaintiff insists that the appeal should be dismissed because irregularly made, since it is from the judgment or order and not from the question certified to us for decision. To adopt this view would involve difficulties and anomalies in practice which we need not now point out. It is sufficient to say that we have not been informed by the argument of any procedure in this state that will enable us to review a question passed upon in the court below, in an action pending there, otherwise than upon an appeal from the judgment or order which decided the question.

The order appealed from should be affirmed, with costs, the question answered in the affirmative, with leave to the defendant to answer within twenty days upon payment of costs.

All concur.

Ordered accordingly.