The CAMP MANUFACTURING Co., Plaintiff, v. JAMES HARRIMAN et al., Defendants.

(Supreme Court, New York Special Term, December, 1896.)

Corporations — Liability of directors for failure to file annual report.

> The personal liability of directors of a corporation under section 30 of the Stock Corporation Law, for failure to file annual reports, is not enforceable until judgment has been recovered against the corporation and the remedies against it exhausted.

ACTION to enforce the liability of directors of a corporation for failure to file an annual report.

D. M. Porter, for plaintiff.

C. D. Ridgway, for defendants.

RUSSELL, J. The plaintiff seeks to recover against two of the directors of the Reamer Lumber Company, a corporation, for goods sold to the corporation, without first having obtained a judgment against the principal debtor and exhausting its remedies against that company. The liability of the directors is based upon section 30 of the Stock Corporation Law (Chap. 688, Laws of 1892), which makes all of the directors jointly and severally liable for all the debts of the corporation in case of failure to file a signed and verified annual report of the condition of the corporation, as required by the statute.

The Court of Appeals, in National Bank v. Dillingham, 147 N. Y. 603, has passed upon section 24 of the same act, making the directors personally liable for creating a debt whereby the total indebtedness exceeds the paid-up capital. The court, in that case,

held the liability of the directors to be secondary in its character and not enforceable until a judgment was first obtained against the corporation. It was also held that the liability of the directors created a fund from which all the creditors, in a proper suit therefor, might, if sufficient, be paid.

The distinction in verbiage between sections 24 and 30 is not so marked within the reasoning of the Court of Appeals as to justify a trial court in allowing the prosecution of the liability of the directors under section 30 without first obtaining a judgment against the corporation. The two provisions of the different sections were designed to accomplish a common purpose, which was to secure a fund out of which the creditors might be paid, in case the directors failed to comply with the statutory regulations devised from considerations of public policy for the protection of creditors dealing with the corporation. In either case the creditors deal primarily with the corporation itself, give credit to the corporation, and should be permitted, in case they find that credit misplaced, to recover of the directors only in case of a demonstrated inability to collect of the corporation itself. A wide distinction must be observed between the reasons for holding stockholders and directors primarily liable for debts incurred before the capital is paid in or the other steps taken which are necessary to complete the existence of the corporation itself, for until that period arrives there is no real corporation in existence, which is the principal party dealing with the creditors, and the cases of credits extended to the corporation itself after it becomes competent to transact business. It is also apparent by the provision of the Stock Corporation Law that it is not designed to enforce any liability against stockholders after the full payment of their stock until judgment is obtained against the corporation itself, and directors must necessarily be stockholders to hold their office.

The case of Bank of Metropolis v. Faber, 1 App. Div. 341; 150 N. Y. 200, was decided solely upon the question of the effect of chapter 688, Laws of 1892, as an implied repeal of chapter 564, Laws of 1890.

Judgment is, therefore, directed in favor of the defendants sustaining the demurrer on the ground that the facts stated in the complaint do not constitute a cause of action, with costs, and with leave to the plaintiff to amend within twenty days, on payment of costs.

Ordered accordingly.