(18 Misc. Rep. 619, 722.)

### CAMP MANUF'G CO. v. HARRIMAN et al.[1]

(Supreme Court, Special Term, New York County.   December, 1896.)

CORPORATIONS—LIABILITY OF DIRECTORS—FAILURE TO FILE ANNUAL REPORT.
   The personal liability of the directors for the debts of the corporation where
   they fail to file an annual report of the condition of the corporation (Laws 1892,
   c. 688, § 30) is secondary, and the liability of the corporation must first be
   resorted to.

Action by the Camp Manufacturing Company against James Harriman and another, directors of the Reamer Lumber Company, for goods sold by plaintiff to that corporation.   Defendants demur to the complaint for insufficiency of facts.   Sustained.   Plaintiff moves for a reargument.   Denied.

D. M. Porter, for plaintiff.
C. D. Ridgway, for defendants.

RUSSELL, J.   The plaintiff seeks to recover against two of the directors of the Reamer Lumber Company, a corporation, for goods sold to the corporation, without first having obtained a judgment against the principal debtor, and exhausting its remedies against that company.   The liability of the directors is based upon section 30 of the stock corporation law (chapter 688, Laws 1892), which makes all of the directors jointly and severally liable for all the debts of the corporation in case of failure to file a signed and verified annual report of the condition of the corporation, as required by the statute.

The court of appeals, in Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338, has passed upon section 24 of the same act, making the directors personally liable for creating a debt whereby the total indebtedness exceeds the paid-up capital.   The court, in that case, held the liability of the directors to be secondary in its character, and not enforceable until a judgment was first obtained against the corporation.   It was also held that the liability of the directors created a fund from which all the creditors, in a proper suit therefor, might, if sufficient, be paid.   The distinction in verbiage between sections 24 and 30 is not so marked within the reasoning of the court of appeals as to justify a trial court in allowing the prosecution of the liability of the directors under section 30 without first obtaining a judgment against the corporation.   The two provisions of the different sections were designed to accomplish a common purpose, which was to secure a fund out of which the creditors might be paid in case the directors failed to comply with the statutory regulations devised from considerations of public policy for the protection of creditors dealing with the corporation. In either case the creditors deal primarily with the corporation itself, give credit to the corporation, and should be permitted, in case they find that credit misplaced, to recover of the directors only in case of a demonstrated inability to collect of the corporation itself.   A wide distinction must be observed between the reasons for holding stockholders and directors primarily liable for

[1] Reversed. See 43 N. Y. Supp. 1027.

debts incurred before the capital is paid in, or the other steps taken which are necessary to complete the existence of the corporation itself; for, until that period arrives, there is no real corporation in existence, which is the principal party dealing with the creditors, and the cases of credits extended to the corporation itself after it becomes competent to transact business. It is also apparent by the provision of the stock corporation law that it is not designed to enforce any liability against stockholders after the full payment of their stock until judgment is obtained against the corporation itself, and directors must necessarily be stockholders to hold their office.

The case of Bank v. Faber, 1 App. Div. 341, 37 N. Y. Supp. 423; Id., 150 N. Y. 200, 44 N. E. 779,—was decided solely upon the question of the effect of chapter 688, Laws 1892, as an implied repeal of chapter 564, Laws 1890.

Judgment is therefore directed in favor of the defendants sustaining the demurrer on the ground that the facts stated in the complaint do not constitute a cause of action, with costs, and with leave to the plaintiff to amend within 20 days, on payment of costs. Ordered accordingly.

## Motion for Reargument.

RUSSELL, J. The plaintiff's counsel moves for a reargument of the question decided upon the issue raised by the demurrer to the complaint, and states as the ground of his motion:

"That the plaintiff's counsel did not submit authorities on the question decided, because the law has long been well settled that in an action against directors for failing to file a report an individual creditor can sue an individual trustee, and that without having obtained a judgment against the company."

Various cases are cited now by him in his brief with reference to the provision of section 12 of the act of 1848, for the incorporation of manufacturing companies, as amended, all of which cases rather assume than decide the position taken by plaintiff's counsel. He does not refer to the latest case in the court of appeals (Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338), construing the provisions of the stock corporation law, under one of the sections of which this action was brought, and which case I regard as decisive of the question here involved. It must be remembered that prior to the revision of the corporation law there were general acts providing for the incorporation and regulation of the different kinds of corporations, each of which had provisions special and peculiar in regard to the creation of the corporation, its management and dissolution. The design of the general act now in force was to provide general regulations for all stock corporations by an harmonious uniform system, and these general provisions differ materially from the special provisions contained in prior laws for the formation of peculiar classes of corporations, including that of 1848, for manufacturing companies. It became, therefore, necessary for the court of appeals, in construing the stock corporation law, to lay down, so far as pertinent, the principles upon which the

liabilities of directors and stockholders were based, and the manner of enforcing the remedies against individuals connected with the corporations, where those corporations were unable to meet their debts.

The case of Bank v. Dillingham, supra, was decided upon a claim of liability under section 24 of the stock corporation law (chapter 688, Laws 1892), which in no manner provided for the enforcement of the claim against the corporation first, but declared that the directors creating or consenting to a debt increasing the total indebtedness of the corporation, not secured by mortgage, beyond its paid-up capital stock, should be personally liable therefor to the creditors of the corporation. The court of appeals unanimously held that this personal liability was secondary, and could only be resorted to after the usual remedies against the corporation itself had been exhausted. In the opinion of Judge O'Brien, concurred in by all the other judges, these principles were announced with great clearness:

Firstly. That it is a fundamental proposition, to justify the contention that the creditor can, directly sue the director, that the liability must be primary and contractual, and the action maintained in the same manner as if the trustees themselves owed the debt to the creditor.

Secondly. That the primary common-law liabilities of persons engaged in the enterprise of creating the corporation cease upon the creation of that artificial person capable in law of acting and contracting for itself.

Thirdly. That the liability of the trustees rests wholly upon the statute which creates the liability in the nature of a penalty for disobedience to its commands. "The neglect of the trustees to file the report required by the statute or the making of a false report illustrates the nature of this peculiar penal liability."

Fourthly. That the liability is a pure creation of the statute, and has no foundation in contract, and no existence at common law.

Fifthly. The benefit of the provisions of section 24 is given in terms to the creditors of the corporation, and not to a part of them. "The language includes all the creditors."

Sixthly. "The liability is secondary, to be resorted to only after the usual remedies against the corporation itself have been exhausted. While there is no express direction to that effect in the statute, it is the general rule that it is to be implied from the nature of the liability, in the absence of some provision clearly importing the contrary,"—citing People v. Coleman, 133 N. Y. 279, 31 N. E. 96, and Rogers v. Decker, 131 N. Y. 490, 30 N. E. 571.

Seventhly. That the immunity of members of the corporation from personal liability until the remedies against the corporation have been exhausted is founded in reason and justice. "And a very clear indication of a legislative intent to disregard it must be found before the liability is held to be primary."

"The general policy of the law in this respect is expressed in the fifty-fifth section of the stock corporation law, which provides that no action shall be brought against a stockholder for any corporate debt until judgment has been obtained against the corporation, and an execution returned unsatisfied. The directors are, of course, stockholders, and it is reasonable to assume that it was not intended to charge them with personal responsibility on any other conditions than apply to all the members of the corporation."

In view of this reasoning, how can a trial court hold directors liable, without any judgment against the corporation, as on a direct contractual liability, in an action brought under section 30 of the same stock corporation law against the directors for failure to file a report; the provision in that section being:

"If such report is not so made and filed, all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made."

The court of appeals, in the Dillingham Case, hold that section 24 made the directors liable to all the creditors; that the policy of the law is to give immunity to the members of the corporation until all remedies against the corporation have been exhausted; and that the liability of the directors is secondary in all cases where a debt exists against a corporation perfectly formed, and transacting business. If the creation of a debt by the corporation, in excess of its powers, is not regarded as a primary liability against the directors authorizing it, how can it be said that a liability is primary where the section itself provides for a liability only for actual debts contracted by the corporation itself, which debts still remain the debts of the corporation, and not the debts of the directors, except by force of the penal statute? Section 30, more emphatically and clearly than section 24, regards the claim of the creditor as primarily a debt against the corporation itself, complete, and existing as such, and makes the act which gives the liability against the directors a penal act, distinct and severed from any connection whatever with the creation or consideration of the original debt. I regard the authority of this late case in the court of appeals, which I have so extensively referred to, as authority which I cannot disregard, not only in the thing decided, but in the process of reasoning which leads to that decision; and, apart from the force of the case as stare decisis, I think the logic of the opinion unanswerable as explanatory of the purposes and reach of the stock corporation law, and as imputing to it a unity and symmetry which it would otherwise lack. If the whole of this law shall be construed upon the principles of the opinion in Bank v. Dillingham, that law will be easy of construction, and cases brought under it can be far more readily decided. The motion for reargument is denied.

Motion denied.