SWANCOAT v. REMSEN et al.

(Circuit Court, S. D. New York. January 19, 1897.)

1. CORPORATIONS—FAILURE TO MAKE REPORTS—ACTION AGAINST DIRECTORS—PLEADING.
   In an action against the directors of a corporation, based on their failure to make the report required by section 30 of the New York stock corporation law, it is not necessary to allege that a judgment has been recovered and execution returned unsatisfied against the corporation. Manufacturing Co. v. Harriman, 43 N. Y. Supp. 673, disapproved.[1]

2. SAME.
   In such an action it is unnecessary to allege that the directors were stockholders during their term of office.

3. SAME—LIABILITY OF DIRECTORS.
   Directors of a corporation are not relieved from their liability under section 30 of the New York stock corporation law, for failing to file an annual report, by the fact that a bond of the corporation, which formed one of its debts existing at the time of such failure, contained a provision that no stockholder of the company should be individually liable upon or in respect to it.

This was an action at law by Richard J. Swancoat against Charles Remsen, William Manice, Daniel Kimball, and Thomas W. Moore. The plaintiff's complaint alleged that the Austin Consolidated Coal Company was a stock corporation, organized under the laws of New York for business purposes other than moneyed and railroad; that on July 1, 1885, said Austin Consolidated Coal Company executed and delivered to the plaintiff its 17 coupon bonds for $500 each, principal payable July 1, 1895, with semiannual interest at 6 per cent., such bonds being part of a series of $100,000, secured by mortgage of the property and franchises of the corporation. The text of the bonds was set forth in full in the complaint, and it included a provision that no stockholder of the company should be individually liable on the bonds, or in respect thereto. The complaint fur-

[1] See note at end of case.

ther alleged that there was due the plaintiff, prior to January 1, 1896, the amount of the principal of said 17 bonds, and of all the interest coupons, with interest on the several coupons from the date of their respective maturities; that prior to and ever since January 1, 1896, the defendants were the trustees and directors of the Austin Consolidated Coal Company; that said corporation was required by law to make and file an annual report during the month of January, 1896, as of the 1st day of January; that said corporation and the defendants failed to make or file such report, by reason whereof the defendants became jointly and severally liable to the plaintiff for the debt due plaintiff by the Austin Consolidated Coal Company then and now existing, and thereupon judgment was demanded against each and all the defendants for the amount of the bonds and coupons, with interest. The defendants demurred to the complaint.

Section 30 of the New York stock corporation law (Laws 1890, c. 564, as amended by Laws 1892, c. 688) is as follows:

"Sec. 30. Annual Report. Every stock corporation, except monied and railroad corporations, shall annually, during the month of January or, if doing business without the United States, before the first day of May, make a report as of the first day of January, which shall state:

"(1) The amount of its capital stock, and the proportion actually issued.

"(2) The amount of its debts or an amount which they do not then exceed.

"(3) The amount of its assets or an amount which its assets at least equal.

"Such report shall be signed by a majority of its directors, and verified by the oath of the president or vice-president and treasurer or secretary, and filed in the office of the secretary of state and in the office of the county clerk of the county where its principal business office may be located. If such report is not so made and filed, all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made. No director shall be liable for the failure to make and file such report if he shall file with the secretary of state, within thirty days after the first day of February, or the first day of May, as the case may be, a verified certificate, stating that he has endeavored to have such report made and filed, but that the officers or a majority of the directors have refused and neglected to make and file the same, and shall append to such certificate a report containing the items required to be stated in such annual report, so far as they are within his knowledge or are obtainable from sources of information open to him, and verified by him to be true to the best of his knowledge, information and belief."

This section is, in substance, a re-enactment of section 12 of the act for the incorporation of manufacturing companies (Laws 1848, c. 40), under which a large proportion of the business corporations in New York were organized prior to the revision of the corporation laws in 1890. Section 24 of the stock corporation law is based upon section 22 of the former business corporations act (Laws 1875, c. 611), with material changes.

Albert T. Patrick, for plaintiff.

J. M. Perry and E. V. Abbott, for defendants.

WALLACE, Circuit Judge. The first question which the demurrer to the complaint presents is whether, in an action founded upon section 30 of the stock corporation law of this state (Laws 1890, c.

78 F.—38

564, as amended by chapter 688, Laws 1892), it is necessary to allege that a judgment has been recovered and execution returned unsatisfied against the corporation in favor of the plaintiff. That section imposes upon the directors of a corporation which fails to make the annual report prescribed by it an individual liability for all the debts of the corporation then existing. It is urged for the defendants that the case of Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338, is an authority in their favor, and they rely upon a recent decision by Mr. Justice Russell[1] to that effect. In Bank v. Dillingham the court held that an action brought to enforce the liability of directors pursuant to section 24 of the stock corporation law is a suit in equity, and can only be resorted to after the usual remedies against the corporation itself have been exhausted. That section is substantially identical in its terms with statutes which have been construed by the supreme court of the United States, by the courts of Massachusetts, and by the previous decisions of the courts of this state, as intended to create an equitable fund for the equal benefit of all the creditors of the corporation, to be resorted to after the ordinary remedies at law against the corporation itself have been exhausted and reached by a suit in equity in which all the creditors and the corporation itself are to be parties or represented. Hornor v. Henning, 93 U. S. 228; Stone v. Chisolm, 113 U. S. 302, 5 Sup. Ct. 497; Bank v. Stevenson, 10 Gray, 232; Anderson v. Speers, 21 Hun, 568; McClave v. Thompson, 36 Hun, 365. The section under which the present suit is brought is a reproduction of a statute which has always been construed by the courts of this state as giving to the creditors a several remedy by an action at law against the directors in the nature of a penalty. Miller v. White, 50 N. Y. 137; Jones v. Barlow, 62 N. Y. 202; Rector, etc., v. Vanderbilt, 98 N. Y. 170. And it has never been intimated previously to the decision by Mr. Justice Russell that in an action brought pursuant to this statute it was necessary to allege and prove the recovery of a judgment against the corporation. In Rose v. Chadwick, 9 App. Div. 311, 41 N. Y. Supp. 190, the appellate division of the supreme court held that in an action like the present it was not necessary to allege that a judgment has been recovered against the corporation, and that Bank v. Dillingham was not an authority to the contrary.

The other points urged in behalf of the demurrer are without merit. It was unnecessary to allege in the complaint that the several directors were stockholders during their term of office. If they were not, and if because of that fact they never became or ceased to be directors, the defendants will obtain the benefit of the fact upon the trial. It is not necessary to allege in the complaint facts showing the eligibility of the directors. The allegation that they were directors is sufficient.

The provision in the bond, the debt upon which the suit is founded, that "no stockholder of this company shall be individually liable on this bond, or in respect thereto," has no effect to relieve the defendants from their statutory liability as directors. It was not intended

---

[1] See note at end of case.

to provide against liability of that sort; and, if it had been, I cannot doubt it would be void as against public policy.

It is not necessary for the plaintiff to set out the specific consideration of the bond of the corporation on which the suit is founded. The bond itself imports a consideration, as business corporations have the general power to issue bonds; and if, in the present case, the corporation transcended its power in that behalf, that is a matter of defense.

The demurrer is overruled, with costs.

NOTE. Manufacturing Co. v. Harriman (decided at the special term of the supreme court of New York, December 31, 1896), 43 N. Y. Supp. 673. The opinion is as follows: "The plaintiffs seek to recover against two of the directors of the Reamer Lumber Company, a corporation, for goods sold to the corporation, without first having obtained a judgment against the principal debtor, and exhausting its remedies against that company. The liability of the directors is based upon section 30 of the stock corporation law (chapter 688, Laws 1892), which makes all the directors jointly and severally liable for all the debts of the corporation in case of failure to file a signed and verified annual report of the condition of the corporation as required by the statute. The court of appeals, in Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338, has passed upon section 24 of the same act, making the directors personally liable for creating a debt whereby the total indebtedness exceeds the paid-up capital. The court in that case held the liability of the directors to be secondary in its character, and not enforceable until a judgment was first obtained against the corporation. It was also held that the liability of the directors created a fund from which all the creditors, in a proper suit therefor, might, if sufficient, be paid. The distinction in verbiage between sections 24 and 30 is not so marked, within the reasoning of the court of appeals, as to justify a trial court in allowing the prosecution of the liability of the directors under section 30 without first obtaining a judgment against the corporation. The two provisions of the different sections were designed to accomplish a common purpose which was to secure a fund out of which the creditors might be paid in case the directors failed to comply with the statutory regulations devised from considerations of public policy for the protection of creditors dealing with the corporation. In either case the creditors deal primarily with the corporation itself, give credit to the corporation, and should be permitted, in case they find that credit misplaced, to recover of the directors only in case of a demonstrated inability to collect of the corporation itself. A wide distinction must be observed between the reasons for holding stockholders and directors primarily liable for debts incurred before the capital is paid in, or the other steps taken which are necessary to complete the existence of the corporation itself,—for until that period arrives there is no real corporation in existence, which is the principal party dealing with the creditors,—and the cases of credits extended to the corporation itself after it becomes competent to transact business. It is also apparent by the provision of the stock corporation law that it is not designed to enforce any liability against stockholders after the full payment of their stock until judgment is obtained against the corporation itself, and directors must necessarily be stockholders to hold their office. The case of Bank v. Faber, 1 App. Div. 341, 37 N. Y. Supp. 423; Id., 150 N. Y. 200, 44 N. E. 779, was decided solely upon the question of the effect of chapter 688, Laws 1892, as an implied repeal of chapter 564, Laws 1890. Judgment is therefore directed in favor of the defendants, sustaining the demurrer on the ground that the facts stated in the complaint do not constitute a cause of action, with costs, and with leave to the plaintiff to amend within twenty days on payment of costs."