THE NATIONAL BANK OF AUBURN, Respondent, *v.* EDWIN R. DILLINGHAM, Impleaded, etc., Appellant.

STOCK CORPORATIONS — PERSONAL LIABILITY OF DIRECTORS. The personal liability imposed by the provisions of section 24 of the Stock Corporation Law (Chap. 564, Laws of 1890, as amended by chap. 688, Laws of 1892), to the effect that the directors of a stock corporation creating or consenting to the creation of any debt of the corporation, unsecured by mortgage, in excess of its paid-up capital stock, "shall be personally liable therefor to the creditors of the corporation," is secondary and can be resorted to only after the usual remedies against the corporation itself have been exhausted, and can then be enforced only by a suit in equity where all the creditors and the corporation itself are parties or repre-

sented, where an accounting can be had, all the facts ascertained and the equities adjusted.

*Nat. Bank of Auburn* v. *Dillingham* (86 Hun, 100), reversed.

(Argued November 25, 1895; decided December 10, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 26, 1895, which affirmed an interlocutory judgment entered upon a decision of the court at Special Term overruling a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Nelson S. Spencer* for appellant. The action cannot be maintained because of the absence, as parties, of the other creditors of the corporation. The corporation itself is also a necessary party to the action. (*Corning* v. *McCullough*, 1 N. Y. 47; *Rogers* v. *Decker*, 131 N. Y. 490; *Gadsden* v. *Woodward*, 103 N. Y. 242; *Wiles* v. *Suydam*, 64 N. Y. 173; *M. Bank* v. *Bliss*, 35 N. Y. 412; Morawetz on Corp. [2d ed.] § 908; *People ex rel.* v. *Coleman*, 133 N. Y. 279; *Huntington* v. *Attrill*, 146 U. S. 657; *Hornor* v. *Henning*, 93 U. S. 228; *Stone* v. *Chisolm*, 113 U. S. 302; *Anderson* v. *Speers*, 21 Hun, 568; *Buchanan* v. *B. I. Co.*, 3 Bradw. 191; *M. Bank* v. *Stevenson*, 10 Gray, 232; *McComb* v. *Kellogg*, 1 N. Y. Supp. 206; *S. Bank* v. *Andrews*, 2 Misc. Rep. 394; *Patterson* v. *Robinson*, 36 Hun, 622; 37 Hun, 341, 343; *Lovelace* v. *Doran*, 15 N. Y. Supp. 278; *McClave* v. *Thompson*, 36 Hun, 365; *Motley* v. *Pratt*, 13 Misc. Rep. 758; *Cavin* v. *Gleason*, 105 N. Y. 256; *Chase* v. *Lord*, 77 N. Y. 1.) The complaint does not state facts sufficient to constitute a cause of action. The complaint does not state a cause of action for an accounting. The judgment demanded is not an equitable judgment. (*V. M. & C. L. Co.* v. *Oettinger*, 88 Hun, 83; *Edson* v. *Girvan*, 29 Hun, 422; *Swart* v. *Boughton*, 35 Hun, 281; *O'Brien* v. *Fitzgerald*, 143 N. Y. 377.) There is no allegation that the plaintiff has exhausted

its remedy against the corporation. (*M. Bank* v. *Bliss*, 35 N. Y. 412; *Lovelace* v. *D. & W. Co.*, 15 N. Y. Supp. 279; *People ex rel.* v. *Coleman*, 133 N. Y. 279; *Hirschfeld* v. *Bopp*, 145 N. Y. 84; *S. Bank* v. *Andrews*, 2 Misc. Rep. 394; *Hardman* v. *Sage*, 124 N. Y. 25; *Woolverton* v. *Taylor*, 132 Ill. 197; Morawetz on Priv. Corp. § 883; 3 Thompson on Corp. § 4327; *Gadsden* v. *Woodward*, 103 N. Y. 242; *Rogers* v. *Decker*, 131 N. Y. 490; *Handy* v. *Draper*, 89 N. Y. 334; *U. G. Co.* v. *Vary*, 79 Hun, 103; *Hunting* v. *Blun*, 143 N. Y. 511; *Mason* v. *N. Y. S. M. Co.*, 27 Hun, 307.) There is no allegation of any fact showing that by the creation of the debt in question the total unsecured indebtedness of the company exceeded the amount of the capital stock. (*Austin* v. *Goodrich*, 49 N. Y. 266; *Hirschfeld* v. *Bopp*, 145 N. Y. 84.) It was not essential that the demurrer should specify the names of the parties omitted. (*De Puy* v. *Strong*, 37 N. Y. 372; *Sanders* v. *Village of Yonkers*, 63 N. Y. 489; *Merritt* v. *Walsh*, 32 N. Y. 685; *Hees* v. *Nellis*, 1 T. & C. 118; *Green* v. *Lippincott*, 53 How. Pr. 33; *Mitchell* v. *Thorne*, 134 N. Y. 536; *Dias* v. *Bouchaud*, 10 Paige, 445; *Anderton* v. *Wolf*, 41 Hun, 571; *Bauer* v. *Platt*, 72 Hun, 326.) The fact that there are other creditors appears on the face of the complaint. (*Low* v. *Buchanan*, 94 Ill. 76; *Hornor* v. *Henning*, 93 U. S. 228; *Stone* v. *Chisolm*, 113 U. S. 302; *Zebley* v. *F. L. & T. Co.*, 139 N. Y. 461; *Kain* v. *Larkin*, 141 N. Y. 144; *Sanders* v. *Soutter*, 126 N. Y. 193; *Marie* v. *Garrison*, 83 N. Y. 14, 23; *Milliken* v. *W. U. T. Co.*, 110 N. Y. 403; *A. Co.* v. *Bennett*, 73 Hun, 81; *W. A. Co.* v. *Barlow*, 68 N. Y. 34; *Whitney* v. *Cammann*, 137 N. Y. 342; *Hirschfeld* v. *Bopp*, 145 N. Y. 84, 94.)

*Charles I. Avery* for respondent. The demurrer was properly overruled, because it does not appear on the face of the complaint that there are any other creditors similarly situated with the plaintiff. (Code Civ. Pro. §§ 448, 452, 498; *Griffeth* v. *Green*, 129 N. Y. 517; *Straus* v. *Sage*, 5 Misc. Rep. 255; *Austin* v. *Goodrich*, 49 N. Y. 266; *Bailey* v. *Briggs*, 56 N.

Y. 407; *Bartlett* v. *Crozier*, 17 Johns. 457; *Chambers* v. *Lewis*, 28 N. Y. 454; *Jones* v. *Barlow*, 62 N. Y. 202; *Anderton* v. *Wolf*, 41 Hun, 572; *Perkins* v. *Church*, 31 Barb. 84; *Veeder* v. *Baker*, 83 N. Y. 156; *Wiles* v. *Suydam*, 64 N. Y. 173; *Cuykendall* v. *Corning*, 88 N. Y. 136.) The statute creates an independent right in certain individuals. (Laws of 1848, chap. 40, § 23; *Patterson* v. *Robinson*, 36 Hun, 622; 37 Hun, 341; *Lovelace* v. *Doran*, 15 N. Y. Supp. 298; 116 N. Y. 193; *W. A. Co.* v. *Barlow*, 63 N. Y. 62; *Weeks* v. *Love*, 50 N. Y. 568; *Billings* v. *Trask*, 30 Hun, 314.) The present statute, considered from the view-point that it is entirely new and unique, is now to be construed *de novo*. (*People* v. *Davenport*, 91 N. Y. 574.) This statute is intended to accomplish two beneficent results: To impose on directors of corporations a conservative business policy, and to afford protection to creditors. (*Neal* v. *Griggs*, 12 Ga. 104.) It was unnecessary to join the Auburn Woolen Company as a defendant. (*Lovelace* v. *D. & W. Co.*, 49 N. Y. S. R. 53; *Perkins* v. *Church*, 31 Barb. 84; *Kingsley* v. *City of Brooklyn*, 78 N. Y. 216; *Hunting* v. *Blun*, 143 N. Y. 511–514; *Hardman* v. *Sage*, 124 N. Y. 32; *Shellington* v. *Howland*, 53 N. Y. 372; *Heine* v. *Meyer*, 61 N. Y. 171; *Niblo* v. *Brinsee*, 1 Keyes, 478; *Kincaid* v. *Dwinelle*, 59 N. Y. 548.) The complaint sets forth a cause of action. (*Milliken* v. *W. U. T. Co.*, 110 N. Y. 403; *Williams* v. *Hayes*, 5 How. Pr. 470; *McMahon* v. *Macy*, 51 N. Y. 155; *Miller* v. *White*, 50 N. Y. 137; *Stephens* v. *Fox*, 83 N. Y. 313; *Davidson* v. *G. Co.*, 99 N. Y. 558; *Duncomb* v. *N. Y., H. & N. R. R. Co.*, 88 N. Y. 1; *Richard* v. *Edick*, 17 Barb. 260; *Oler* v. *Brown*, 51 How. Pr. 92; *Pierson* v. *McCurdy*, 61 How. Pr. 134; *Butterworth* v. *O'Brien*, 39 Barb. 192; *Piper* v. *Hoard*, 107 N. Y. 73.)

O'BRIEN, J. This action was brought to recover upon four promissory notes, aggregating $20,000, made by the Auburn Woolen Company, a manufacturing corporation created under the act of 1848. The plaintiff brings the action in its own

behalf against the defendants, who are the trustees of the corporation, and who, it is claimed, are liable in an action at law for the amount of the notes, upon the ground that, before any of them were made, other debts had been created by the corporation which equaled and exceeded the amount of its paid-up capital stock, and that the trustees, by assenting to the making of the notes in this action, became liable under the statute to the plaintiff for the amount and interest. The corporation itself is not made a party, nor is it alleged that any judgment has been obtained against it on the notes, or any suit commenced for that purpose, or that it is insolvent, or that any proceedings for dissolution had been commenced. One of the defendants demurred to the complaint on the grounds, among others: (1) That there is a defect of parties, in that the other creditors of the company, and the company itself, are not parties to the action, and (2) that the complaint does not state facts sufficient to constitute a cause of action. The courts below have overruled the demurrer and held that the action was well brought. On the argument in this court, the learned counsel for the plaintiff has insisted upon some technical objections to the consideration of the questions decided, based mainly upon the contention that the necessary facts do not appear upon the face of the complaint to enable the defendant to raise the questions by demurrer. The courts below disposed of the case upon the merits, and we think that the complaint was sufficiently comprehensive to enable the defendant to present all the questions by demurrer. The plaintiff's contention is that each creditor of such a corporation who holds a debt, created by the trustees or with their assent, in excess of the paid-up capital stock, may maintain actions at law against the trustees to recover such debt without any recourse to the corporation itself and without reference to any other creditor. The original statute which authorized the creation of this class of corporations imposed a liability upon the trustees in case they assented to the contracting of debts in excess of the paid-up capital stock, as will

be seen from the following provision. (Laws of 1848, chap. 40, § 23.)

"If the indebtedness of any such company shall at any time exceed the amount of its capital stock, the trustees of such company assenting thereto shall be personally and individually liable for such excess to the, creditors of the company."

In the recent revision of the statute, now known as the Stock Corporation Law (Laws of 1890, chap. 564, as amended by chap. 688, Laws of 1892), this provision was repealed and the following section, upon which this action has been brought, was substituted in its place:

"§ 24. No stock corporation, except a moneyed corporation, shall create any debt, if thereby its total indebtedness not secured by mortgage shall exceed the amount of its paid-up capital stock, and the directors creating or consenting to the creation of any such debt shall be personally liable therefor to the creditors of the corporation. If bonds or other obligations of the corporation, secured by mortgage, are issued in excess of the amount authorized by law, or in violation of law, the directors voting for such overissue, or unlawful issue, shall be personally liable to the holders of the bonds or other obligations illegally issued for the amount held by them, and to all persons sustaining damage by such illegal issues for any damage caused thereby."

The demurrer in this case raises the question as to the true construction of this section, the nature and extent of the liability, the proper procedure for enforcing it and the necessary parties to such an action. It is a fundamental proposition in the plaintiff's contention that the liability is primary and contractual, and that an action may be maintained to enforce it in the same manner as if the trustees themselves owed the debt to the creditor. It is contended that the liability is the same as that of stockholders for debts created before the capital stock is paid in. It should be observed that the liability in that case is treated as that of partners, and that the statute continues and preserves that liability, notwithstanding

the creation of the corporation, until the capital stock is paid in. That is the theory upon which primary liability in that class of cases rests. (*Corning* v. *McCullough*, 1 N. Y. 47; *Rogers* v. *Decker*, 131 N. Y. 490.)

A different kind of liability, however, arises when the obligation of the members of the corporation is determined by the perfect creation of an artificial person, capable in law of acting and contracting for itself. Then the primary or common-law liability of persons associated together in some enterprise as partners is terminated and the liability of the trustees rests wholly upon the statute which creates the liability, in the nature of a penalty, for disobedience to its commands. The neglect of the trustees to file the report required by the statute, or the making of a false report, illustrates the nature of this peculiar penal liability. (*Gadsden* v. *Woodward*, 103 N. Y. 242; *Wiles* v. *Suydam*, 64 N. Y. 173; *Merchants' Bank* v. *Bliss*, 35 N. Y. 412.)

While it may not have all the characteristics of a penalty, as that term is commonly understood, yet the liability is a pure creation of the statute, has no foundation in contract nor any existence at common law. (Morawetz on Corp. § 908.)

That is the nature of the defendant's liability in this case. The notes set out in the complaint are the debts of the corporation and not the debts of the trustees, though the latter are subjected to a certain limited liability in regard to them, for the reason that they have disregarded the statute which forbids the creation of debts in excess of capital stock. The possible liability of the trustees is measured by the excess of debts over and above capital stock, and until the statutory limit is reached there is no liability whatever.

The most important question, however, is with respect to the parties who are entitled, in a proper case, to enforce this liability. The learned counsel for the plaintiff contends that the right of action is given by the statute to creditors holding debts created in violation of its provisions and to those alone. We think that this is not the correct construction of the statute. The benefit of its provisions is given in terms to the " credit-

ors of the corporation," and not to a part of them. The language includes all the creditors. Moreover, it cannot be supposed that the legislature intended to give to these words the restricted meaning which would confine the benefits of the statute to such creditors only as held debts created in violation of the provisions. Such a result would give to the latest creditor practically a preference over the earlier ones, since it would give him two funds to resort to. He would, of course, have the right to resort to the corporation, whose obligation he held, and besides he would have the right to resort to the personal liability of the trustees. It was the intention to limit the amount of unsecured debts which such a corporation might contract to the amount of its paid-up capital stock. This limitation was intended for the security of all the creditors. The creation of debts in excess of the capital affects all the creditors alike. It diminishes the value of every creditor's claim upon the corporate assets. It has precisely the same effect upon the earlier as upon the later creditor, and it would be manifestly unjust to confine the benefits of the penalty which the law imposes for disobedience of the statute to a few whose debts were contracted later in point of time. When the statute requires the trustees, creating or assenting to debts in excess of capital, virtually to put back into the corporate treasury a sum equal to such excess in certain contingencies, all the creditors have in equity and justice an equal claim upon the fund. The rule that in such cases equality is equity would be violated by allowing the later creditors to absorb this fund to the prejudice of the earlier ones.

We think that the fair construction of the statute is that it imposes a liability upon the trustees, creating or assenting to debts in excess of the capital, to the extent of such excess, not for the benefit of any particular creditor, but for the benefit of all, and their liability is in equity a fund to which all the creditors may resort for the satisfaction of such debts as the corporation itself fails to pay, to be shared in by all in proportion to the debt remaining unpaid. It follows that it must be enforced in equity in a suit where all the creditors

and the corporation itself are parties, or represented, where an accounting can be had, all the facts ascertained and the equities adjusted.

The liability is secondary, to be resorted to only after the usual remedies against the corporation itself have been exhausted. While there is no express direction to that effect in the statute it is the general rule that it is to be implied from the nature of the liability (Morawetz on Corp. § 883) in the absence of some provision clearly importing the contrary. This principle is clearly deducible from the cases in this court of which the case of *The People ex rel. Winchester* v. *Coleman* (133 N. Y. 279) is an example, where the court said : " It is an essential and inherent characteristic of a corporation that it alone is primarily liable for its debts, because it alone contracts them, except as that natural and necessary consequence of its creation is modified in the act of its creation by some explicit command of the statute which either imposes an express liability upon the corporators in the nature of a penalty, or affirmatively retains and preserves what would have been the common-law liability of the members from the destruction involved in the corporate creation. * * * The retained liability occasionally established is in the nature and a parcel of such original liability, as we had occasion to show in *Rogers* v. *Decker* (131 N. Y. 490), but is retained by force of the express command of the statute and in that manner saved from the destruction which otherwise would follow the simple creation of the corporation. Ordinarily, these individual liabilities exist upon other than common-law conditions, and make the corporators rather sureties or guarantors of the corporation than original debtors, since in general their liability arises after the usual remedies against the corporation have been exhausted."

In other cases it has been said that this immunity of the members of the corporation from personal liability, until all remedies against the corporation have been exhausted, is founded in reason and justice, and a very clear indication of a legislative intent to disregard it must be found before

the liability is held to be primary. (*Hirshfeld* v. *Bopp*, 145 N. Y. 84; *Hardman* v. *Sage*, 124 N. Y. 25; *Huntington* v. *Attrill*, 146 U. S. 657.)

The general policy of the law in this respect is expressed in the fifty-fifth section of the Stock Corporation Law, which provides that no action shall be brought against a stockholder for any corporate debt until judgment has been obtained against the corporation and an execution returned unsatisfied. The directors are, of course, stockholders, and it is reasonable to assume that it was not intended to charge them with personal liability on any other conditions than apply to all the members of the corporation. (Thomson on Corp. vol. 3, § 4327; *Handy* v. *Draper*, 89 N. Y. 334.)

This view, with respect to the meaning of the statute and the manner of enforcing it, seems to us not only just and reasonable, but in accord with the great weight of authority. Statutes substantially identical have received construction in the Supreme Court, in the Federal courts and in the courts of sister states in accordance with the views herein expressed. (*Hornor* v. *Henning*, 93 U. S. 228; *Stone* v. *Chisolm*, 113 U. S. 302; *Merchants' Bank, etc.*, v. *Stevenson*, 10 Gray, 233; *Anderson* v. *Speers*, 21 Hun, 568; *McClave* v. *Thompson*, 36 Hun, 365.)

So far as the case of *Patterson* v. *Robinson* (36 Hun, 622; 37 Hun, 341) sanctions the construction contended for by the plaintiff, it cannot be followed. With respect to that case it should, however, be observed that the reasoning of the learned judge is based largely upon the fact that the section of the Manufacturing Act which was under consideration and which is quoted above, contained no prohibition upon the trustees against the creation of debts in excess of the capital stock. That is no longer true, since the section of the Stock Corporation Law involved here does contain such a prohibition. That case was an appeal from a judgment against the trustees, and while it was affirmed, the decision was subsequently re-considered on a re-argument and a new trial granted upon other grounds, and

when the case was in the Second Division of this court (116 N. Y. 193) it was disposed of on grounds that did not involve a construction of the statute. The complaint contains an allegation that, prior to the commencement of this action, the plaintiff was restrained by injunction from taking any proceedings against the corporation for the collection of the debt, but there are no allegations of fact which would enable us to say that the injunction was a valid legal obstacle in the way of a suit against the corporation, or that it was in force at the time this action was commenced. The bare fact that, at some time before this action had been commenced, an injunction was granted upon some ground or for some reason, as to which the complaint is silent, is not sufficient to excuse the omission to proceed against the corporation, the principal debtor. Aside from this point, however, the complaint would be defective in that it does not state the facts necessary in an action in equity for an accounting, and the proper parties are not before the court for that purpose. The allegations of the complaint and the prayer for relief determine the character of the action as one at law by a single creditor to recover its own debt as a primary liability of the trustees. We think that such an action cannot be maintained, and that the demurrer should have been sustained.

The judgment of the General and Special Terms should be reversed, with costs, and the demurrer sustained, with leave to the plaintiff, within twenty days from the service of the order, to amend the complaint on payment of costs.

All concur.

Judgment accordingly.