WHITNEY v. PUGH et al.

(Supreme Court, Appellate Division, First Department.   March 8, 1901.)

1. INSOLVENT CORPORATIONS—ACTION AGAINST DIRECTORS.
    An action will lie, under Stock Corporation Law, § 24, rendering directors of a corporation, other than a moneyed corporation, liable to the creditors of the corporation for the creation of a debt in excess of the paid-up capital stock, at the suit of a creditor on behalf of himself and other creditors who may join therein.

2. SAME—JUDGMENT AGAINST CORPORATION.
    Where a creditor has been enjoined from suing a debtor corporation, it is no objection to an action by him, in behalf of himself and other creditors who may join, against the directors thereof, to enforce their liability, that he had not first obtained a judgment against the corporation.

Appeal from special term, New York county.

Action by Baxter D. Whitney, on behalf of himself and others, against Daniel W. Pugh and others. From a judgment overruling a demurrer to the complaint, Pugh appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. C. Beecher, for appellant.
I. L. Bishop, for respondent.

PATTERSON, J.   This action was brought to enforce against directors of the John Stephenson Company, Limited, a liability growing out of an alleged violation of the provision of the twenty-fourth section of the stock corporation law, by which it is enacted that no stock corporation, except a moneyed corporation, shall create any debt, if thereby its total indebtedness not secured by mortgage shall exceed the amount of its paid-up capital stock, and the directors creating or consenting to the creation of any such debt shall be personally liable therefor to the creditors of the corporation.   It appears by the complaint that the plaintiff sues in behalf of himself and all other creditors of the Stephenson corporation; that the indebtedness of that corporation to the plaintiff arose between the 1st and the 23d days of October, 1898; that the defendant Pugh was a director of the corporation prior to March, 1897; and that he remained a director until August 6, 1898.   It is further alleged in the complaint that, during the period of Mr. Pugh's directorship, debts and liabilities were created by the corporation, not secured by mortgage, in excess of its capital stock; that the defendant Pugh assented to the creation of some portion of that indebtedness; that other defendants were directors of the corporation at the time it became indebted to the plaintiff, such other defendants also assenting to the creation of indebtedness in excess of the capital stock. It also appears that the plaintiff was restrained by injunction from obtaining a judgment against the corporation and pursuing a remedy at law, and that such injunction was still in force at the time this action was begun.   The defendant Pugh demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and the specific question raised by his de

murrer is whether the plaintiff has legal competency to maintain this action, for his own benefit and that of other creditors, against those who were directors of the corporation at the time indebtedness accrued to him, and as the representative of creditors in whose favor a cause of action arose while the defendant Pugh was a director.

The nature of the liability of directors of corporations for a violation of the provision of the 24th section of the stock corporation law was fully defined in the case of Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338. It was there held, in effect, that the liability of all directors constitutes a fund to be established by a suit in equity, and to be distributed, after an accounting, among the creditors of the corporation, according to their several rights. Those who are entitled to enforce the liability (that is to say, those to whom the right of action is given) are not only creditors holding debts created in violation of the provision of section 24 of the stock corporation law, but "the benefit of its provision is given, in terms, to the creditors of the corporation, and not to a part of them. The language includes all the creditors. * * * The fair construction of the statute is that it imposes a liability upon the trustees creating or assenting to debts in excess of the capital to the extent of such excess, not for the benefit of any particular creditor, but for the benefit of all, and their liability is, in equity, a fund to which all the creditors may resort for the satisfaction of such debts as the corporation itself fails to pay, to be shared in by all in proportion to the debts remaining unpaid. It follows that it must be enforced in equity in a suit where all the creditors and the corporation itself are parties or represented, where an accounting can be had, all the facts ascertained, and the equities adjusted." There is, therefore, one fund to be created,—a fund available to every creditor of the corporation. How is that fund to be constituted? Manifestly, by a suit brought by a qualified creditor suing for himself and all other creditors. Every delinquent director is liable, for it is the aggregate sum derived from the liability of all such directors that constitutes the fund to be distributed among the creditors. The plaintiff, in an action properly framed to enforce the liability and for an accounting, must make parties defendant all those who are liable to contribute to the fund; otherwise, that fund cannot be properly constituted, unless, indeed, it is to be held that a multiplicity of suits will lie to establish one fund, and that, in a case where the personnel of the directorship has changed from year to year, a creditor suing for himself and all other creditors can only bring his action to realize a part of the fund, viz. that to be drawn from the liability of one set of directors, who were such when the indebtedness to the particular creditor instituting the action arose. The nature of the liability being such as was declared in Bank v. Dillingham, supra, it seems to follow necessarily that, where an action is brought in the interest of all the creditors, any one of them entitled to share in the fund to be created may bring the action for the whole body of creditors, to build up the fund. Such an action is not to be confounded with those brought by individual creditors only for themselves, to enforce some statutory liability against trustees, for in such actions nothing is in

volved but the individual right of the person suing. In an action such as this, the distribution of the liability and the apportionment to each creditor of his share of the fund are matters to be determined on the accounting.

It is urged that the plaintiff Whitney cannot maintain this action, because he is not a judgment creditor; but a satisfactory reason for his not obtaining a judgment and issuing execution is given in the complaint, namely, that he was enjoined, and that the injunction was operative when this action was brought. In that respect the case differs from Bank v. Dillingham, supra. There it was held that the bare fact that some time before the action was commenced an injunction was granted upon some ground or for some reason, as to which the complaint was silent, was not sufficient to excuse the omission to proceed against the corporation, the principal debtor. Here we have a valid legal obstacle to the enforcement of Whitney's claim, namely, an injunction that was "in force at the time this action was commenced."

The interlocutory judgment overruling the demurrer of the defendant Pugh to the complaint must be affirmed, with costs, with leave, however, to said defendant, upon payment of costs in this court and in the court below, to answer the complaint within 20 days after the service of notice of entry of judgment upon this decision. All concur.