(58 App. Div. 57.)

### WHITNEY v. WILCOX et al.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

CORPORATIONS — DIRECTORS— PERSONAL LIABILITY—ACTION TO ENFORCE—RECEIVERS—PARTIES DEFENDANT.

> Laws 1890, c. 564, as amended by Laws 1892, c. 688, § 24, declares that the directors of any stock corporation consenting to the creation' of a debt, whereby the total indebtedness of the corporation shall exceed the amount of its paid-up capital stock, shall be personally liable to the corporation's creditors. *Held* that, in a suit to enforce the liability of directors under the statute, it was proper to make the temporary receivers of the corporation parties defendant, in order that the decree might make proper provision as to .the application of the corporation's assets, together with the amount the directors might be required to pay in discharge of the debts in excess of the assets.

Appeal from special term, New York county.

Suit by Baxter D. Whitney, on behalf of himself and creditors of the John Stephenson Company, Limited, against Albert A. Wilcox and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Henry W. Clark, for appellants.

James L. Bishop, for respondent.

INGRAHAM, J. These defendants (appellants) demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. This action is brought to enforce a personal liability imposed by section 24 of the stock corporation law (chapter 564, Laws 1890, as amended by chapter 688, Laws 1892). The nature of such an action is discussed in the case of Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338. It was there held that the obligation imposed by this statute is secondary, being imposed by the provisions of the statute, and is measured by the excess of the debts over and above the capital stock; that the benefit of its provision is given to the creditors of the corporation as a whole, and to a part of them, and that the liability of the trustees is "in equity a fund to which all the creditors may resort for the satisfaction of such debts as the corporation itself fails to pay, to be shared in by all in proportion to the debts remaining unpaid. It follows that it must be enforced in equity in a suit where all the creditors and the corporation itself are parties or represented, where an accounting can be had, all the facts ascertained, and the equities adjusted." The plaintiff sued on behalf of himself and all other creditors. The directors of the corporation and the corporation itself were parties defendant. The complaint alleged that prior to the commencement of the action an application was made to the supreme court for the voluntary dissolution of the corporation, and that in such proceeding temporary receivers were appointed, and such receivers were made parties defendant. They have now demurred upon the ground that as to them the complaint sets up no cause of action. The action is in equity, and all of the creditors of the corporation, as well as the corporation itself, were necessary parties to that action. Bank v. Dillingham, supra. In this action an accounting will be necessary to determine the amount of the defendants' liability. The amount of the debts of the corporation will have to be determined, as it is only the amount of such debts in excess of capital for which the directors were responsible. It will also be necessary to determine the amount realized from the assets of the corporation applicable to the payment of its debts. In an action in equity there is a distinction between those who are necessary parties and those who may be brought in and made parties to the record, although not necessary parties; and this is recognized by section 447 of the Code, which provides that "any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party defendant, for the complete determination or settlement of a question involved therein, except as otherwise expressly prescribed in this act." While it may be that these receivers were not necessary parties so that a demurrer would lie upon the ground that there was a defect of parties defendant, we think they are parties who have an interest in the controversy, and who should be before the court, so that the court can have before it the parties in whom are vested the assets of the corporation applicable to the payment of the debts of the corporation, and may in the decree make proper provision as to the application of such assets, together with the amount which the trustees are required to pay in discharge of their liability under the

statute; thus insuring a proper distribution of the fund, including that realized from enforcing the obligation of the directors applicable to the payment of the debts of all the creditors, as contemplated by the statute creating the liability. It seems to me that there would be no doubt about this proposition if the receivers were the permanent receivers appointed after the dissolution of the corporation; but by section 1789 of the Code the court is authorized to confer upon temporary receivers the powers and authority, and subject them to the duties and liabilities, of permanent receivers, or of so much thereof as it thinks proper, except that the receivers shall not make any distribution among the creditors or stockholders before final judgment, unless expressly directed to do so by the court. The court could give, by its final judgment in this action, the necessary direction as to the disposition of the assets in the hands of the receivers, and it seems to me that it is essential that the receivers in whom all of the assets of the corporation are vested should be before the court, subject to such direction as to the distribution of such assets among the creditors of the corporation as the rights of the parties should require. It cannot be said, therefore, that these receivers are not proper parties to the action, and for this reason the demurrer to the complaint was correctly overruled.

I also think that in such an action it was quite proper to join the receivers of the corporation for the purpose of providing a method by which the amount recovered from the trustees under this liability may be properly distributed among the creditors of the corporation. As we have seen, this liability of the trustees under this provision of the statute virtually requires the trustees to put back into the corporate treasury a sum equal to the excess of the debts over the capital stock, which sum becomes a fund for the payment of the corporate debts, and is to be distributed among all the creditors of the corporation equitably, in proportion to their respective debts. When such a sum is put back in the treasury of the company, it vests in the receiver of the corporation. The natural method of enforcing such a liability would be to appoint a receiver to whom the money should be paid, and to direct such receiver to distribute the amount thus recovered among the creditors; but where, as in this case, receivers of the corporation have already been appointed, whose duty it is to realize the assets of the corporation, and to hold the amount realized to be, under the direction of the court, distributed among the creditors, it certainly would be quite proper to employ the same machinery for the distribution of the sum recovered in this action under the liability imposed by this section of the statute to which we have called attention. Thus, the court could by its judgment in this action direct a recovery in favor of these receivers against the trustees, with a direction in the decree either to distribute the sum recovered by the defendants as receivers among the creditors, or to hold the amount recovered as assets to be so distributed. For this reason, in addition to that before mentioned, I think the demurrer was properly overruled.

It follows that the judgment appealed from must be affirmed, with costs, with leave to the defendants to withdraw demurrer and answer in 20 days, on payment of costs in this court and in the court below. All concur.