BAXTER D. WHITNEY, on Behalf of Himself and all Other Creditors of the JOHN STEPHENSON COMPANY, LIMITED, Respondent, v. DANIEL W. PUGH, Appellant, Impleaded with Others.

*Directors of a corporation — parties to an action to enforce their liability for contracting debts in excess of its capital — a general creditor may, when enjoined from suing the corporation, bring the action against the directors.*

An action brought to enforce the liability imposed upon the directors of a stock corporation by section 24 of the Stock Corporation Law (Laws of 1892, chap. 688), for creating a debt whereby the total indebtedness of the corporation not secured by mortgage exceeded the amount of its paid-up capital, may

be maintained by a single qualified creditor suing on behalf of himself and all other creditors against every delinquent director, and not against such only as were directors when the indebtedness of the particular creditor instituting the action arose.

The fact that, at the time the action was commenced, an injunction restraining the plaintiff from obtaining a judgment against the corporation was in force, affords a satisfactory excuse for his failure to obtain a judgment against the corporation and to issue an execution thereon.

APPEAL by the defendant, Daniel W. Pugh, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of September, 1900, upon the decision of the court rendered after a trial at the New York Special Term overruling the said defendant's demurrer to the complaint.

*W. C. Beecher*, for the appellant.

*James L. Bishop*, for the respondent.

PATTERSON, J. :

This action was brought to enforce against directors of the John Stephenson Company, Limited, a liability growing out of an alleged violation of the provision of the 24th section of the Stock Corporation Law (Laws of 1892, chap. 688), by which it is enacted that no stock corporation, except a moneyed corporation, shall create any debt, if thereby its total indebtedness not secured by mortgage shall exceed the amount of its paid-up capital stock, and the directors creating or consenting to the creation of any such debt shall be personally liable therefor to the creditors of the corporation.

It appears by the complaint that the plaintiff sues in behalf of himself and all other creditors of the Stephenson corporation; that the indebtedness of that corporation to the plaintiff arose between the 1st and the 23d days of October, 1898; that the defendant Pugh was a director of the corporation prior to March, 1897, and that he remained a director until August 6, 1898. It is further alleged in the complaint that during the period of Mr. Pugh's directorship debts and liabilities were created by the corporation, not secured by mortgage, in excess of its capital stock; that the defendant Pugh assented to the creation of some portion of that indebtedness; that other defendants were directors of the corpora-

tion at the time it became indebted to the plaintiff, such other defendants also assenting to the creation of indebtedness in excess of the capital stock. It also appears that the plaintiff was restrained by injunction from obtaining a judgment against the corporation and pursuing a remedy at law, and that such injunction was still in force at the time this action was begun. The defendant Pugh demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and the specific question raised by his demurrer is whether the plaintiff has legal competency to maintain this action for his own benefit and that of other creditors against those who were directors of the corporation at the time that the indebtedness accrued to him and as the representative of creditors in whose favor a cause of action arose while the defendant Pugh was a director.

The nature of the liability of directors of corporations for a violation of the provision of the 24th section of the Stock Corporation Law was fully defined in the case of *National Bank* v. *Dillingham* (147 N. Y. 603). It was there held, in effect, that the liability of all directors constitutes a fund to be established by a suit in equity, and to be distributed after an accounting, among the creditors of the corporation, according to their several rights. Those who are entitled to enforce the liability, that is to say, those to whom the right of action is given, are not only creditors holding debts created in violation of the provision of section 24 of the Stock Corporation Law, but " the benefit of its provisions is given in terms to the 'creditors of the corporation' and not to a part of them. The language includes all the creditors. * * * The fair construction of the statute is that it imposes a liability upon the trustees creating or assenting to debts in excess of the capital to the extent of such excess, not for the benefit of any particular creditor, but for the benefit of all, and their liability is in equity a fund to which all the creditors may resort for the satisfaction of such debts as the corporation itself fails to pay, to be shared in by all in proportion to the debt remaining unpaid. It follows that it must be enforced in equity in a suit where all the creditors and the corporation itself are parties, or represented, where an accounting can be had, all the facts ascertained and the equities adjusted."

There is, therefore, one fund to be created; a fund available to

every creditor of the corporation. How is that fund to be consti-
tuted? Manifestly by a suit brought by a qualified creditor suing
for himself and all other creditors. Every delinquent director is
liable, for it is the aggregate sum derived from the liability of all
such directors that constitutes the fund to be distributed among the
creditors. The plaintiff in an action properly framed to enforce
the liability and for an accounting, must make parties defendant all
those who are liable to contribute to the fund, otherwise that fund
cannot be properly constituted, unless indeed it is to be held that a
multiplicity of suits will lie to establish one fund, and that in a case
where the personnel of the directorship has changed from year to
year, a creditor suing for himself and all other creditors can only
bring his action to realize a part of the fund viz., that to be drawn
from the liability of one set of directors who were such when the
indebtedness to the particular creditor instituting the action arose.
The nature of the liability being such as was declared in *National
Bank* v. *Dillingham (supra)*, it seems to follow necessarily that
where an action is brought in the interest of all the creditors,
any one of them entitled to share in the fund to be created may
bring the action for the whole body of creditors to build up the
fund. Such an action is not to be confounded with those brought
by individual creditors only for themselves to enforce some statutory
liability against trustees, for in such actions nothing is involved but
the individual right of the person suing. In an action such as this,
the distribution of the liability and the apportionment to each cred-
itor of his share of the fund are matters to be determined on the
accounting.

It is urged that the plaintiff Whitney cannot maintain this action
because he is not a judgment creditor; but a satisfactory reason for
his not obtaining a judgment and issuing execution is given in the
complaint, namely, that he was enjoined and that the injunction was
operative when this action was brought. In that respect, the case
differs from *National Bank* v. *Dillingham (supra)*. There it was
held that the bare fact that sometime before the action was com-
menced an injunction was granted upon some ground or for some
reason, as to which the complaint was silent, was not sufficient to
excuse the omission to proceed against the corporation, the prin-
cipal debtor. Here we have a valid legal obstacle to the enforce-

ment of Whitney's claim, namely, an injunction that was "in force at the time this action was commenced."

The interlocutory judgment overruling the demurrer of the defendant Pugh to the complaint must be affirmed, with costs, with leave, however, to said defendant, upon payment of costs in this court and in the court below, to answer the complaint within twenty days after the service of notice of entry of judgment upon this decision.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs, with leave to defendant to answer in twenty days on payment of costs in this court and in the court below.