DAVID ABRAMS, Appellant, *v.* THE ROSETH CORPORATION and Others, Defendants, Impleaded with MAX FROST and Another, Respondents.

First Department, January 15, 1937.

*Julius Applebaum* of counsel [*Richard J. Ferguson* with him on the brief], for the appellant.

*Louis M. Kommel* of counsel [*Kommel & Zucker*, attorneys], for the respondents.

UNTERMYER, J.  The complaint, which has been held to be insufficient in law as against the defendants Frost and Stone, sets forth two causes of action.  The first is directed only against the Roseth Corporation, Goldman and Friedman upon an agreement made in 1922 whereby the plaintiff was employed on a commission basis to procure acceptable firms or corporations in England to or through which the products of the corporation would be sold or distributed.  It is alleged that the plaintiff procured an English firm, acceptable to said defendants as a purchaser or agency of the products of the corporation and that it did in fact sell to or through the English firm merchandise on which the plaintiff is entitled to commissions which these defendants have refused to pay.

The second cause of action, with which alone we are concerned on this appeal, repeats all the allegations of the first and further alleges that in July, 1922, the corporation and the defendants Goldman and Friedman falsely represented to the plaintiff, in reply to inquiries by him, that no sales had been made to or through the English firm, and that accordingly the plaintiff was not entitled to any commissions.  The plaintiff, it is alleged, relied upon these representations and was induced " not to request or demand the commissions or to collect the same or to sue therefor."  It is then charged that the respondents, Frost and Stone, with knowledge of the facts, " joined with the defendants, the Roseth Corporation, Jacob Goldman and Samuel Friedman, in said fraud and deprived the plaintiff of his commissions due and payable to him pursuant to his agreement as aforesaid and the said defendants, Max Frost and Abraham Stone, kept and received the benefits of the services rendered by the plaintiff and the profits therefrom and of the fraud and deceit practiced upon him."  The plaintiff alleges that he first discovered the alleged fraud in April, 1935.

We think these allegations are sufficient to charge the respondents as participants with the defendant corporation, Goldman and Friedman in the alleged acts of fraud and that if further details are necessary in relation to any specific facts the defendants should seek the information by bill of particulars.  Such allegations are of ultimate fact and are not mere conclusions of law.  (*Hurowitz, Inc.*, v. *Selkin*, 241 App. Div. 269, and authorities cited.)  Moreover, the complaint alleges that the defendants Frost and Stone received the proceeds of the fraud with knowledge of the circum-

stances under which they were procured. (See *Miller* v. *Barber,* 66 N. Y. 558; *Spotten* v. *DeFreest,* 140 App. Div. 792; *Reynolds* v. *Leyden,* 24 id. 395; 27 C. J. p. 11.)

It is also suggested that the complaint fails to state a cause of action against the respondents because the plaintiff may assert, and has in fact asserted, a cause of action against the corporation for commissions. It is true, of course, that if it should appear that the plaintiff's failure promptly to assert a claim for commissions against the corporation did not result in any detriment to him, he cannot recover damages for fraud. If, however, the general allegation of damage contained in the complaint is sustained by proof that the plaintiff's cause of action against the corporation for commissions was prejudiced by the delay of thirteen years during which he failed to assert that claim, and if, during that period, the corporation became insolvent, or the Statute of Limitations intervened, we see no reason to decide that the plaintiff might not recover from the respondents the damage sustained if their fraudulent representations caused the loss.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.