Arthur G. Klein, J.
This action was tried before the court without a jury. Both sides waived findings of fact and cenclusions of law.
On February 24, 1958, an accounts receivable agreement was entered into between the plaintiff and the defendant W. A. Assomull & Co., Inc. The agreement was executed by the defendant Kishore Assomull, its president. A loan agreement between the parties was signed on February 26, 1958. The plaintiff’s vice-president, Charlotte P. Henry, testified that on August 22, 1958, the individual defendant came to her office with a schedule of accounts assigned to plaintiff, totaling $19,067.22, and received the loan of $14,872. The undisputed proof in the case shows that on August 28, 1958 the corporate defendant, acting through its president, the individual defendant, assigned the identical accounts to Netherlands Trading Society, and received $15,253.77 on that assignment. The defendants offered uo proof on their behalf, nor was the testimony of plaintiff’s witnesses impeached in any material fashion.
The representatives of the Netherlands Trading Society testified that it had received the full amount of $19,067.22 on account of the receivables assigned to it by the corporate defendant.
It is abundantly clear that the corporate defendant breached its contract with the plaintiff by intentionally, fraudulently and wrongfully assigning to a third party the same accounts *233 previously assigned to the plaintiff, even though the terms of the contract specifically prohibited any such assignment. The evidence clearly shows that this defendant received a loan of $14,872 from the plaintiff, and that the assignment was given as security for said loan. Said defendant then proceeded to obtain a second loan from a third party and assigned the identical accounts as security for that loan. It was also proven that plaintiff never received any moneys from any of the accounts assigned to it, and that the corporate defendant never paid any part of the amount due under the agreement. The plaintiff has, therefore, been damaged in the amount that it would have received from the accounts assigned to it, pursuant to the said agreement, to wit, the sum of $19,067.22, and that the corporate defendant is liable therefor.
With regard to the individual defendant, he wrongfully and fraudulently caused the corporate defendant to breach its contract.
Mrs. Henry testified without contradiction, that on November 1, 1958, at a meeting with the individual defendant Assomull, his attorney and members of the Netherlands Trading Society, said defendant was accused of fraud and theft but said nothing in response. She also testified that subsequently Assomull admitted that he needed money badly and used the second fraudulent assignment to get it. This is clearly an admission of guilt on his part.
There is sufficient proof in the record, particularly from the uncontradicted testimony regarding the admission by him as to the reason for the double assignment, to establish dishonesty of purpose, bad faith and wanton disregard of the plaintiff’s rights. The individual defendant cannot claim immunity, nor hide behind the corporate veil, in an attempt to avoid liability for damages.
While the general rule is that an officer or director of a corporation may not be held liable in damages for inducing the corporation to violate a contractual obligation, the exemption from personal liability is not absolute. Where the breach of the contract is induced, it must not be without reasonable justification or excuse (Remy Beverages v. Myer, 56 N. Y. S. 2d 828, affd. 269 App. Div. 1013; Reiner v. North Amer. Newspaper Alliance, 259 N. Y. 250).
Where the breach is induced in bad faith and with dishonesty of purpose and with ulterior motive, the privilege and immunity must be held to be withdrawn and that an action for damages will lie against the wrongdoer (Reiner v. North Amer. Newspaper Alliance, supra; Buxbom v. Smith, 123 P. 2d 907 [Cal. App.]).
*234 The general rule is stated in Buckley v. 112 Central Park South (285 App. Div. 331, 334): “when the corporate officer commits independent torts or predatory acts directed at another, he may not seek refuge behind the mantle of immunity ”.
The record here demonstrates clearly that the individual defendant did not act in good faith and with honesty of purpose, and that he was, in fact, acting intentionally and knowingly, and without reasonable justification or excuse. Therefore, he is individually liable to the plaintiff in this action.
The plaintiff, accordingly, is entitled to recover on its first cause of action against both defendants and judgment is accordingly awarded in favor of the plaintiff against both defendants in the amount of $19,067.22, with interest from August 28, 1958. The foregoing constitutes the decision of the court required by section 440 of the Civil Practice Act. The second cause of action was dismissed at the conclusion of the plaintiff’s case.