JOHN H. FAULK, Respondent, *v.* PAUL R. MILTON et al., Appellants, et al., Defendants.

First Department, April 21, 1966.

*Frank H. Gordon* of counsel (*Littauer, Gordon, Ullman & Riseman,* attorneys), for Paul R. Milton and others, appellants.

*Kalman I. Nulman* of counsel (*Anthony J. Shovelski,* attorney), for Godfrey P. Schmidt, appellant.

*George Berger* of counsel (*Paul Martinson* with him on the brief; *Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for respondent.

McNALLY, J. In an action under section 46 of the Membership Corporations Law, there are involved the questions of the sufficiency of the complaint and the timeliness of the action. On July 16, 1962, in an action for libel, judgment was entered in favor of the plaintiff against Aware, Inc. and defendant Vincent W. Hartnett. The judgment was modified to the extent of reducing the compensatory damages to $400,000 and the punitive damages to $50,000 as to Aware, Inc. and $100,000 as to defendant Hartnett. (*Faulk* v. *Aware, Inc.,* 19 A D 2d 464; affd. 14 N Y 2d 899.)

The prior judgment is grounded on a libel concerning the plaintiff published February 10, 1956. Defendants-appellants were then directors of Aware, Inc.; they were not, however, defendants in the prior action. The judgment against Aware, Inc. has been satisfied to the extent of $175,028.85 and the balance owing is $274,971.15. Plaintiff alleges " defendants are personally liable to the plaintiff for the unpaid balance of said judgment, in that they, in bad faith maliciously caused Aware, Inc. to prepare, publish and disseminate [the libel]  *  *  * knowing the material portions thereof to be false or grossly misleading or in gross and reckless disregard of [its]  *  *  * truth or falsity  *  *  * and, in addition, knowing that injury to the plaintiff was likely to follow such publication ".

Plaintiff also alleges execution on the judgment issued April 6, 1965 was on April 23, 1965 returned unsatisfied.

The present action was commenced May 24, 1965. The complaint is not grounded on common-law tort; action thereon would be clearly untimely. It is predicated on the part of section 46 of the Membership Corporations Law which provides: " In the absence of fraud or bad faith the directors of a membership corporation created under or by a general or special law shall not be personally liable for its debts, obligations or liabilities. "

Prior to the enactment of section 46, the subject matter was contained in section 11 of the Membership Corporations Law, which provided: " The directors of every membership corporation * * * shall be jointly and severally liable for any debts of the corporation contracted while they are directors, payable within one year or less from the date it was contracted, if an action for the collection thereof be brought against the corporation within one year after the debt becomes due, and an execution issued therein * * * be returned wholly or partly unsatisfied; and if the action against the directors to recover the amount unsatisfied be commenced within one year after the return of such execution ". (L. 1899, ch. 292.)

It had been the practice prior to the enactment of section 46 for incorporators of membership corporations to seek incorporation by special act to avoid the section 11 liability of directors for debts of the corporation. Section 46 applies to a membership corporation whether organized under a general or special law; it clearly immunizes directors against liability for " debts, obligations or liabilities " provided there be no " fraud or bad faith ". (51 Report of N. Y. State Bar Assn., 1928, p. 112; N. Y. Legis. Doc., 1927, No. 84, p. 13.) The question is to what extent, if any, does section 46 impose liability for " fraud or bad faith ".

A corporation is an artificial entity separate and apart from its members. Absent statutory provision therefor, a director is not liable for the debts or obligations of the corporation. (*Bottlers Seal Co.* v. *Rainey,* 243 N. Y. 333, 346; *National Bank of Auburn* v. *Dillingham,* 147 N. Y. 603, 609; *People ex rel. Winchester* v. *Coleman,* 133 N. Y. 279, 284.)

On the other hand, a director's common-law liability for his tort persists although it may be within the scope of his corporate duties and in furtherance of the objects of the corporation. (*Hinkle Iron Co.* v. *Kohn,* 229 N. Y. 179; *Haefeli* v. *Woodrich Eng. Co.,* 255 N. Y. 442, 451; *Baron* v. *Bobroy, Inc.,* 11 A D 2d 766; *Johnson* v. *Sachs,* 7 A D 2d 939; *Buckley* v. *112 Central Park South,* 285 App. Div. 331; *Abrams* v. *Roseth Corp.,* 249 App. Div. 413; *First Nat. Bank of Hempstead* v. *Level Club,* 241 App. Div. 433; *Keller* v. *American Bottlers' Pub. Co.,* 140 App. Div. 311.)

We do not reach the main issues which the parties have tendered — whether the Legislature intended section 46 to be limited to " debts, obligations or liabilities " of a contractual nature, and whether the section imposes upon directors a primary or a secondary responsibility. Admittedly plaintiff, at the same time that he sued Aware, Inc., could also have sued its directors for compensatory and punitive damages for the

same libel. The scope of section 46 is imprecise, but its basic purpose, it seems clear, is to charge directors, in circumstances of "fraud or bad faith", with a liability which they would otherwise escape because it was exclusively a corporate liability. Where, as here, the same cause of action lies both against the corporation and against its directors personally, the statute would seem needless and should therefore be interpreted as inapplicable.

In short, we are unable to spell out the legislative intent to enlarge the common-law liability of directors of a membership corporation where it is as extensive as that of the corporation. We conclude the complaint fails to state a cause of action against the defendants-appellants.

Accordingly, the orders should be reversed, on the law, with costs and disbursements to defendants-appellants, and the motions to dismiss the complaint granted.

Botein, P. J., Stevens, Eager and Witmer, JJ., concur.

Orders, entered on October 26, 1965, unanimously reversed, on the law, with $50 costs and disbursements to appellants, and the motions to dismiss the complaint granted, with $10 costs.