**Richard F. MELLOR, Plaintiff-Appellee,**

v.

**BUDGET ADVISORS, INC., Edward J. Wilsmann, Stuart C. Kroesch and Jerry Crawford, Defendants-Appellants.**

**Nos. 17138, 17139.**

United States Court of Appeals Seventh Circuit.

Aug. 21, 1969.

Harold W. Wynkoop, Chicago, Ill., for Mellor.

Leon C. Lindenbaum, Lawrence A. Coles, Chicago, Ill., for Budget Advisors.

Before FAIRCHILD and KERNER, Circuit Judges, and GORDON, District Judge.[1]

FAIRCHILD, Circuit Judge.

Plaintiff Mellor brought action against Budget Advisors Incorporated and three individuals.[2] The individual defendants, Wilsmann, Kroesch, and Crawford, moved for summary judgment dismissing the complaint as to them. Plaintiff moved for summary judgment in his favor on defendants' counterclaim. Both motions were denied. Permission to appeal was secured under 28 U.S.C. § 1292(b).

The focus of the controversy is a contract between Mellor and Budget Advisors, dated September 26, 1963. Mellor had been president, a director of, and a stockholder in Budget Advisors. The contract set forth the terms upon which all those relationships were terminated. He agreed to sell his stock at a stated price to Budget Advisors or persons selected by the board. His employment as an officer terminated with the execution of the contract. He promised not to compete in specified areas and ways. Budget Advisors promised, among other things, to pay Mellor $76,000, $25,000 forthwith, and the balance in monthly installments of $1,500.

Mellor's complaint, filed March 18, 1966, averred that the agreed payments had been made until August 1, 1965, but that Budget Advisors had failed to make further payments, leaving a balance due of $19,500. It averred that the individual defendants, directors of Budget Advisors, had conspired to deprive Mellor of control over Budget Advisors; had acquired such control after inducing and coercing him to make the contract of September 26, 1963; and had maliciously caused Budget Advisors to breach the contract. He predicated his claim for substantial damages on injury to his reputation in the financial planning and management field as a result of the conduct of the defendants.

Defendants admitted that Budget Advisors had ceased making the installment payments but averred, in effect, that such cessation was justified by certain breaches by Mellor and was not itself a breach. They denied the averments of conspiracy, coercion and inducement of breach. They counterclaimed for damages for breach by Mellor of the 1963 contract.

I. *The motion of the individual defendants for summary judgment.*

The gist of Mellor's claim against the individual defendants includes coercing him into signing the 1963 contract, and maliciously inducing the corporation of which they were directors to breach its contract, both acts being in furtherance of a conspiracy to injure him.

No affidavits were presented in support of or opposition to defendants' motion for summary judgment. Defendants contend that by applying two rules of law to undisputed facts appearing from Mellor's pleadings and depositions, the individual defendants are entitled to dismissal of the complaint as a matter of law.

█ They contend that because Mellor accepted benefits under the 1963 contract for more than two years before claiming that it was produced by duress, he has, as a matter of law, waived any claim that it was so produced. "Ratifi-

1. Judge Gordon is sitting by designation from the Eastern District of Wisconsin.

2. Jurisdiction is based on diversity. All parties appear to accept Illinois law as governing substantive issues.

cation results if the party who executed the contract under duress accepts the benefits flowing from it or remains silent or acquiesces in the contract for any considerable length of time after opportunity is afforded to annul or void it."[3]

We think that if the claim against the individual defendants rested solely on their alleged coercion of Mellor in 1963, defendants would prevail on their motion. As it is, however, the claim of coercion is linked with the claim that they maliciously deprived Mellor in 1965 of a substantial portion of the benefit under the 1963 contract.

The individual defendants rely on the fact that in causing the corporation to cease making payments to Mellor they were acting as directors and assert that accordingly they can not, as a matter of law, be held personally liable for inducement of the breach, if it was a breach.

 It is true that "any interference with a corporation's contract by an officer, director or employee of the corporation who is in good faith serving the corporate interests is privileged."[4] The "good faith" test has been variously stated, some courts stating that "good faith" means no more than intent to benefit the corporation[5] and others that a director's liability for inducing breach of contract persists even though the tort may have been committed within the scope of his corporate duties and in furtherance of the objects of the corporation.[6] We think that application of the good faith test requires consideration of the existence and reasonableness of the director's belief at the time he voted that the corporate act was not a breach of contract or that the interest of the corporation would be served even if it was a breach. This is but an application to the special situation of a director of the general principle that one is personally liable if he "intentionally and knowingly, and without reasonable justification or excuse induces a breach of contract."[7]

 In this case the determination whether the individual defendants had reasonable justification or excuse for their votes as directors will necessarily depend upon a showing of what they knew or reasonably believed with respect to the alleged breaches by Mellor of the 1963 agreement. Defendants have not produced evidentiary facts which establish conclusively that they acted with reasonable justification or excuse.

We hold that the district court correctly denied the individual defendants' motion for summary judgment.

II *Plaintiff Mellor's motion for summary judgment on the counterclaim.*

Article V of the 1963 agreement was entitled "Covenant Not to Compete". The counterclaim averred that Mellor failed to comply with two of its provisions:

E, that Mellor would not use any advertising material or forms specially developed by or for Budget Advisors, and

3. Gallon v. Lloyd-Thomas Company (8th Cir., 1959), 264 F.2d 821, 826, 77 A.L.R. 2d 417; 25 Am.Jur.2d 387, Duress and Undue Influence § 28. See Kirkeby v. Avenue Hotel Corporation (1st Dist., 1947), 330 Ill.App. 246, 70 N.E.2d 432.

4. Zelinger v. Uvalde Rock Asphalt Co. (10th Cir., 1963), 316 F.2d 47, 52.

5. Wampler v. Palmerton (Or., 1968), 439 P.2d 601, 607.

6. Faulk v. Milton (1966), 25 A.D.2d 314, 268 N.Y.S.2d 844; Buckley v. 112 Central Park South (1954), 285 App.Div. 331, 136 N.Y.S.2d 233.

7. W. P. Iverson & Co. v. Dunham Manufacturing Co. (1958), 18 Ill.App.2d 404, 152 N.E.2d 615, 621; see Slavenburg Soelling Corp. v. W. A. Assomull & Co. (1961), 29 Misc.2d 232, 213 N.Y.S.2d 308; Vassardakis v. Parish (S.D.N.Y., 1941), 36 F.Supp. 1002; see also Kane v. Nomad Mobile Homes, Inc. (1969), 105 Ill.App.2d 465, 245 N.E.2d 512; Fletcher on Corporations, § 1001, p. 501; 26 A.L.R.2d 1270; Note, 89 U.Pa.L.Rev. 250 (1940), Avins, Liability for Inducing a Corporation to Breach Its Contract, 43 Cornell L.Q. 55 (1957); Developments in the Law, Competitive Torts, 77 Harv. L.Rev. 888, 967 (1964).

G, that he would immediately return all manuals in process, all advertising material, stationery, checks, printed forms and all other materials relating to Budget Advisors.

The counterclaim sought recovery under D, giving Budget Advisors the right to recover profits earned by Mellor for a period of five years if such profits arise out of operations in violation of the agreement.

■ Mellor moved for summary judgment on the grounds that D, E, and G are illegal and void in restraint of trade. He has also argued that depositions on file establish conclusively that Mellor did not use material or forms in violation of E and that he returned all material required by G. Defendants point to three forms which were shown to be presently used by Mellor and which are closely similar to forms belonging to Budget Advisors which defendants claim he did not return. Mellor has, in our opinion, failed to show that there is no genuine issue of fact in this respect.

■ It may well be true that defendants will not be permitted to use D as a measure of damages. It is well settled that a covenant for liquidated damages can not be invoked for a minor breach of one of several covenants where the covenant violated is of relative insignificance compared to the other covenants[8] but must be set at an amount which is "reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy."[9] A term fixing unreasonably large liquidated damages is void as a penalty.[10] However, there remain issues of fact as to whether the breach here, if any, was a relatively inconsequential one, and whether five years' profit bears a reasonable relationship to the actual harm. It is undoubtedly true that sets of circumstances are conceivable in which a violation could be proved, but D could not properly be applied. But even if D were invalid as a "penalty", plaintiff would be liable for any actual damages done if breach is proved.[11]

Plaintiff does not seem seriously to argue in this court that G is invalid. G is no more than a promise by a resigning employee to return his employer's property.

■ Portions of Article V in which Mellor promised to refrain from competitive business activity are limited both as to time and area. He claims that E is invalid because it is not similarly limited. E, however, is somewhat different from an agreement to refrain from competitive business activity. The development of forms to facilitate the employer's business has created something of value, and the purpose of E is to protect the employer's interest in it. The employee promises not to use specific material of which he has presumably learned by reason of his past employment.[12] We are unwilling to say as a matter of law that a clause like E is invalid unless limed as to time and area.

The orders appealed from are affirmed. No costs on appeal are awarded to either party.

8. Kemble v. Farren, 6 Bing. 141, 19 E.C.L. 71, (C.P.1829); Parker-Washington Co. v. Chicago (1915), 267 Ill. 136, 107 N.E. 872; 22 Am.Jur.2d § 225.

9. Uniform Commercial Code, 26 § 2–718, Ill.Stats.Anno. (1963).

10. Ibid.

11. Hennessy v. Metzger (1894), 152 Ill. 505, 38 N.E. 1058; 22 Am.Jur.2d § 235.

12. See Bethlehem Steel Corp. v. City of Chicago (7th Cir., 1965), 350 F.2d 649; Central Keystone Plating of Illinois, Inc. v. Hutchison (1965), 62 Ill.App.2d 188, 210 N.E.2d 239, and, see, at p. 242: "Where there are special circumstances, such as customer lists, customer contacts, trade secrets or other confidential information, there is a greater willingness to restrain competition."